# EXHIBIT A

# Lex Lumina PLLC

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

March 9, 2023

VIA ECF

The Honorable Frederic Block
United States District Court for
    the New York Eastern District
225 Cadman Plaza East
Brooklyn, NY  11201

   Re: *Schneider v. OSG, LLC et al*., 22-cv-7686-FB-VMS; Request for Pre-Motion Conference re: Defendants' Anticipated Motion to Dismiss

Dear Judge Block:

  We represent Defendants OSG, LLC ("OSG"), Lorraine Imlay and Minerva Taylor, both individually and as fiduciaries of the Estate of Sharon Gans Horn, and Gregory Koch (collectively, "Defendants") in the above-referenced matter. We write pursuant to section 2(A) of Your Honor's Individual Rules to request a pre-motion conference regarding Defendants' anticipated motion to dismiss the Verified Complaint of Plaintiff Spencer Lee Schneider (the "Complaint" or "Compl.") in its entirety.

  Defendants intend to move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim for three independent reasons: (1) the allegations are insufficient on their face to plausibly allege a claim under the Victims of Trafficking and Violence Protection Act of 2000, the Trafficking Victims Protection Reauthorization Act of 2003, and the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (collectively, the "TVPA"); (2) application of the TVPA in the manner urged by Mr. Schneider is foreclosed by the First and Fourteenth Amendments of the U.S. Constitution; and (3) the allegations show on their face that the asserted TVPA claims are barred by the applicable 10-year statute of limitations.

  **1. The Complaint Fails to Plausibly Allege a Claim Under Sections 1589 or 1590 of the TVPA.**

  To be plain, this action makes a mockery of the TVPA.

  Section 1589 of the TVPA forms the gravamen of Mr. Schneider's Complaint asserting that he was "trafficked" and the victim of "forced labor" by virtue of his voluntary, decades-long participation in OSG, a spiritual organization, with Defendants. Section 1589 was "passed to implement the Thirteenth Amendment against slavery or involuntary servitude." *U.S. v. Toviave*, 761 F.3d 623, 629 (6th Cir. 2014). The TVPA's stated purposes "are to combat trafficking in persons, a contemporary manifestation of

slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. § 7101(a). Thus, typically "'forced labor' situations involve circumstances such as squalid or otherwise intolerable living conditions, extreme isolation (from family and the outside world), threats of inflicting harm upon the victim or others…and exploitation of the victim's lack of education and familiarity with the English language, all of which are 'used to prevent [vulnerable] victims from leaving and to keep them bound to their captors.'" *Muchira v. Al-Rawaf*, 850 F.3d 605, 618-19 (4th Cir. 2017) (quoting *U.S. v. Callahan*, 801 F.3d 606, 619 (6th Cir. 2015)) (collecting cases). In colorable TVPA cases, plaintiffs are vulnerable and usually are immigrants, women, or children "who are disproportionately affected by poverty, the lack of access to education, chronic unemployment, discrimination, and the lack of economic opportunities in countries of origin." 22 U.S.C. § 7101(b)(4). They are "lure[d]" into "networks through false promises of decent working conditions at relatively good pay as nannies, maids, dancers, factory workers, restaurant workers, sales clerks, or models." *Id*.

Mr. Schneider, in stark contrast, is a highly educated and successful lawyer based in Manhattan. (Compl. ¶¶ 55, 78.) Between 1994 and 2022, he has appeared as counsel of record in dozens of cases at the district and appeals court levels in New York state and federal courts, including in this Court and before Your Honor, representing sophisticated clients such as Merrill Lynch. *See, e.g.*, *Merrill Lynch Bus. Fin. Svcs. Inc. v. Kentco N.Y. Ltd. et al*., 1:07-CV-04165 (E.D.N.Y. 2007) (Block, J.); *Merrill Lynch Com. Fin. Corp. v. RCI Jewelry Corp.*, No. 09 CV 4017(DRH)(ARL), 2011 WL 710454 (E.D.N.Y. Feb. 22, 2011).

For approximately 23 years, from 1989 to January 2013, Mr. Schneider participated in OSG, a spiritual group comprised of other "educated professionals, including business owners, educators, lawyers, physicians, executives, and money managers" and based on the teachings of nineteenth-century mystic and spiritual teacher George Gurdjieff. (Compl. ¶¶ 5, 12, 21, 179.) Mr. Schneider and other OSG members paid "tuition" or "tithing" and other fees to attend classes twice weekly and to participate in other group activities and occasional retreats in Montana or upstate New York. (*Id*. ¶¶ 19, 23, 33, 130, 145).[1] Mr. Schneider now incredibly alleges that he was "trafficked" by Defendants and provided "forced labor" for OSG between 1989 and 2013 because he, *inter alia*, attended twice weekly classes for which he paid tuition or tithes, sometimes "rendered career advice to the Students" during those classes, sometimes "helped to set up the room where Class was held and cleaned up the room after Class concluded," helped to set up and "acted as a DJ" at OSG's annual Christmas party, and occasionally performed manual labor with other OSG members during summer or weekend retreats. (*Id*. ¶¶ 132, 146, 162.)

Even if the Complaint sufficiently alleges that Mr. Schneider provided "labor" to OSG as contemplated by the TVPA—which Defendants do not concede— Mr. Schneider's claims must fail as a matter of law both because of Mr. Schneider's

---

[1] While Defendants dispute many, if not most, of the facts alleged in the Complaint, Defendants limit themselves to the Complaint's allegations and assume them to be true only for the purposes of this letter and Defendants' forthcoming motion to dismiss.

Hon. Frederic Block
Page 3 of 3
March 9, 2023

education, sophistication, and substantial means and because Mr. Schneider does not and cannot allege that OSG "obtained [Mr. Schneider's] labor 'by means of' serious harm, threats, or other improper methods." *Headley v. Church of Scientology Intern.*, 687 F.3d 1173, 1179 (9th Cir. 2012); *see* 18 U.S.C. §§ 1589(a), (c)(2).

### 2. The First and Fourteenth Amendments Bar Application of the TVPA Here.

Even if the Complaint sufficiently alleged a colorable claim under the plain text of the TVPA—which it does not—the First and Fourteenth Amendments bar application of the TVPA in the manner urged by Mr. Schneider. First, virtually all of the imagined "serious harm" that Mr. Schneider alleges kept him from leaving OSG stems from the alleged psychologically coercive effect of the speech of OSG and its members and Mr. Schneider's alleged fear that OSG and its members would shun him if he left the organization. *See* Compl. ¶¶ 126, 127, 172. But it is axiomatic that the First Amendment protects such speech and prohibits the government from imposing liability on an individual or group based on their choice to associate—or not to associate—with others. *See, e.g., NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 911, 918-19 (1982); *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460-61 (1958); *Paul v. Watchtower Bible & Tract Society of New York,* 819 F. 2d 875, 883 (9th Cir. 1987).

Additionally, because OSG is a spiritual group, the First Amendment's religion clauses, particularly the "ministerial exception" doctrine, prohibit application of the TVPA in the manner urged by Mr. Schneider under the facts alleged. *See Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S.Ct. 2049, 2063-64 (2020); *Marc Headley, v. Church of Scientology Intl.*, No. CV 09-3986 DSF (MANx), 2010 WL 3157064, *5 (C.D. Cal. 2010). If Mr. Schneider has stated a claim of "forced labor" here, then scores of Christians, Buddhists, and others given functional religious or spiritual roles and who provided "labor" to their organizations before becoming disillusioned likewise would have such a claim under the TVPA.

### 3. The TVPA's 10-Year Statute of Limitations Bars Schneider's Claims.

Finally, Mr. Schneider's claims under Sections 1589 and 1590 are barred by the applicable statute of limitations. The last time that Mr. Schneider alleges that he performed any "labor" for Defendants was on December 11-12, 2012, when Mr. Schneider alleges that he helped to set up for and clean up after the OSG Christmas party. Compl. ¶¶ 162-64. Yet Mr. Schneider did not file his Complaint until December 16, 2022, clearly beyond the 10-year statute of limitations period for TVPA civil claims. 18 U.S.C. § 1595(c).

Accordingly, Defendants respectfully request a pre-motion conference or, in the alternative, a briefing schedule for their anticipated motion to dismiss the Complaint.

Sincerely,

/s/ *Rhett O. Millsaps II*

cc: All counsel of record (by ECF)