

155 Water Street (DUMBO)
Brooklyn, New York 11201
www.shihatageddes.com
646-974-1143

May 15, 2023

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     Spencer Lee Schneider v. Odyssey Study Group LLC, et al.
                Civil Docket No. 22-07686 (FB) (VMS)

Dear Judge Scanlon,

     Plaintiff Spencer Schneider respectfully submits this response to Defendants' motion for a protective order and to quash or, in the alternative, to modify six nonparty subpoenas. (See ECF Dkt. No. 27) ("Def. Ltr.")). The subpoenas seek only the production of documents. As set forth herein, the Court should deny Defendants' motion.

I.     The Subpoenas Are Not Premature

     Contrary to Defendants' suggestion (Def. Ltr. at 1-3), Plaintiff's use of Rule 45 subpoenas is not premature. "[A] party may not seek discovery from any source until the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Here, the parties have so conferred and nothing prevents Plaintiff from issuing Rule 45 subpoenas. See Sampson v. Medisys Health Network, Inc., 2010 WL 11678005 (E.D.N.Y. Aug. 17, 2010). As the federal rules make clear, "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3)(A). Nor are the subpoenas contrary to representations made in Plaintiff's response to Defendants' motion to stay discovery. Plaintiff (1) noted that "certain documents will be more difficult to obtain with every passing month;" (2) provided, as an example, that it would seek "certain financial records to show that the defendants financially benefited from their participation in the venture described in the Complaint;" and (3) asserted that "most [financial] institutions maintain such records for limited periods of time" such that "they may no longer be readily accessible" if the Court were to grant a stay. (ECF No. 24 at 4). The Court denied the motion, in part, for these reasons. (ECF Order dated Apr. 4, 2023).

     The subpoenas are also reasonable. As Plaintiff noted in its response to the motion for a stay, "defendants have not advised whether they have instituted a litigation hold to ensure that all relevant items in their possession and control are preserved;" "the Organization has taken great pains to ensure that its means and methods remain concealed and before the plaintiff escaped the

Organization, the plaintiff saw one or more leaders of the Organization shredding certain items." (ECF No. 24 at 4). Moreover, nonparties are not under any obligation to preserve records unless subpoenaed.[1]

Thus, Plaintiff's decision to issue certain subpoenas before other discovery is (1) permitted by the federal rules; (2) explicitly referenced in Plaintiff's previous court filing; and (3) reasonable under the circumstances.

II.     The Defendants Lack Standing to Quash on the Basis of Relevance or Undue Burden and Their Privacy Interests Do Not Otherwise Warrant Limiting Disclosure

Rule 45(d)(3)(A) provides, in relevant part, that a court "must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to an undue burden." "In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Haynes v. City of New York, 2021 WL 466814, at *3 (S.D.N.Y. Feb. 9, 2021); US Bank Nat. Ass'n v. PHL Variable Ins. Co., 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012).

With respect to both the subpoenas issued to individuals ("Individual Subpoenas") and those issued to banks ("Bank Subpoenas"), Defendants' motion consists primarily of assertions that the subpoenas should be quashed on grounds of relevancy and undue burden. (Def. Ltr. at 2-4). Indeed, with the exception of the First Amendment interest discussed below, Defendants do not detail what their alleged proprietary or privacy interests are, let alone how those interests warrant quashing the subpoenas. Instead, they simply assert that such interests exist and then proceed under the mistaken assumption that they may challenge the subpoenas on bases *beyond* their alleged proprietary or privacy interests, including relevancy and undue burden.

"A party lacks standing," however, "to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." Haynes, 2021 WL 466814, at *3 (quoting Universitas Educ., LLC v. Nova Group, Inc. 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)); Wyatt v. Kozlowski, 2019 WL 3729262, at *2 (W.D.N.Y. Aug. 8, 2019) ("Undue burdensomeness may be raised as an objection only by the non-party [subpoena] recipient."). As a result, the Court should not consider any of Defendants' arguments in this regard.[2]

---

[1] Plaintiff's assertion that "the discovery primarily at issue consists of Rule 26(a)(1) initial disclosures and responses to document requests and interrogatories" was made in the specific context of arguing that the Defendants would not be "significantly burdened by having to respond to discovery given the agreed-upon schedule." (Def. Ltr. at 3). Any burden of responding to the subpoenas at issue here, of course, does not fall on the Defendants.

[2] Defendants cannot circumvent this standing limitation by moving for a protective order under Rule 26 rather than to quash the subpoenas under Rule 45. See US Bank Nat. Ass'n, 2012 WL 5395249, at *2 (party cannot "circumvent the well-established standing requirements under Rule 45 simply by styling what is effectively a motion to quash as a motion for a protective order [under Rule 26]").

Defendants' "bald statement" that the subpoenas seek information in which they have "proprietary and privacy interests" (Def. Ltr. at 2) is also insufficient to provide standing to quash them. Universitas Educ., LLC, 2013 WL 57892, at *5. While courts have found that corporations may have privacy interests in their financial records, the Second Circuit has also recognized that those privacy interests are more limited than those of individuals. See In re McVane, 44 F.3d 1127, 1136 (2d Cir. 1995) ("*In contrast to the limited rights of corporations*, the courts have recognized certain 'rights to privacy' of individuals, variously said to be derived from the First, Fourth, Fifth, and Fourteenth Amendments.") (emphasis added); id. ("corporations . . . can claim no equality with individuals in the enjoyment of a right to privacy"). As a result, to the extent the subpoenas seek financial records related to Odyssey Study Groups (a New York partnership) and OSG, LLC (a New York limited liability company), Defendants lack standing to quash them where, as here, they have failed to articulate the relevant privacy interests at stake.

Even assuming Defendants have standing to challenge the subpoenas, however, they are simply wrong when they assert that the "vast bulk of information sought is not relevant to Plaintiff's claims." (Def. Ltr. at 4). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While the burden of demonstrating relevance is on the party seeking discovery, see, e.g., Mandell v. Maxon Co., 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007), "[g]eneral and conclusory objections as to relevance . . . are insufficient to exclude discovery of requested information." Melendez v. Greiner, 2003 WL 22434101, at *1 (S.D.N.Y. Oct.23, 2003). With respect to the Bank Subpoenas, the Complaint alleges Defendants "participat[ed] in a venture that committed, attempted to commit, and conspired to commit, forced labor against [Plaintiff] (and others) . . . ." (Compl. ¶ 1). As a result, Plaintiff must prove the existence of a "venture" at trial, which may be proven by showing that an entity is a commercial entity. See 18 U.S.C. §§1595, 1589(b); Doe v. Apple Inc., 2021 WL 5774224, at *11 (D.D.C. Nov. 2, 2021) (observing that a venture defined in the diction as "a commercial enterprise"). The Complaint also alleges that the individual defendants benefited financially as a result of their participation in the venture (Compl. ¶¶ 47-54), another requirement that Plaintiff must prove at trial. See 18 U.S.C. § 1589(b). The information sought by the Bank Subpoenas is reasonably calculated to lead to the discovery of admissible evidence to prove the existence of a venture and that the individual defendants financially benefited from their participation in the venture. The items sought in the Individual Subpoenas are also relevant in that they seek information from nonparty members of OSG that are reasonably calculated to lead to the discovery of admissible evidence tending to show (i) the existence of a Defendants' venture, (ii) that labor and services were performed (18 U.S.C. § 1589), (iii) the "pattern, scheme or plan" that caused Plaintiff and others (including these nonparties) to perform labor and services (18 U.S.C. § 1589(a)(4); Fed. R. Evid. 404(b)(2)), and (iv) transportation and harboring of Schneider and others (including these nonparties) for the purpose of obtaining forced labor (18 U.S.C. § 1590). The Individual Subpoenas also will assist in the identification and location of other witnesses who have knowledge as to the claims Plaintiff alleges.

III.  First Amendment Interests Do Not Warrant Quashing the Subpoenas

OSG also challenges the Individual Subpoenas on First Amendment grounds, asserting that the very issuance of subpoenas to OSG members has a chilling effect on their rights to free expression and association and that "compelled disclosure of the identities of OSG's members," alleging that such disclosure would also "have a profound chilling effect on OSG's and its members' freedom of association." (Def. Ltr. at 3-4). An organization "asserting a First Amendment privilege to resist discovery in a civil action must adduce evidence showing a "reasonable probability that the compelled disclosure . . . will subject them to threats, harassment, or reprisals from either Government officials or private parties." Hispanic Leadership Fund, Inc. v. Walsh, 2014 WL 12586844, at *3 (N.D.N.Y. June 9, 2014) (internal quotation marks omitted). "Once there has been a *prima facie* showing of hostility and adverse impact, the burden shifts to the party seeking disclosure to demonstrate a compelling need for the information." Id.

OSG has made no such *prima facie* showing to shift the burden here. Mere assertions that OSG members will be harmed by the mere possibility of having to respond to subpoenas and that "the mud of the 'cult' label" threatens OSG's "very existence" are insufficient. (Def. Ltr. at 3-4). "While the burden of making out a *prima facie* case is light," the risk of OSG losing members as a result of subpoena compliance is "speculative and remote." Walsh, 2014 WL 12586844, at *4 ("[T]he risk of losing potential contributors or having current contributors withdraw, as Plaintiff contends may happen if forced to disclose the information sought, is speculative and remote."); Sherwin-Williams Co. v. Spitzer, 2005 WL 2128938, at *5 (N.D.N.Y. Aug. 24, 2005) (speculation that document demands may cause withdrawal of membership does not bolster claim of First Amendment infringement). And, any alleged injury "must extend beyond one's implicit desire for privacy. Mere general opposition to or aggravation from mandated discovery is not enough to demonstrate the chilling effects that the First Amendment seeks to avoid." A&R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co., 2013 WL 6044333, at *7 (D. Conn. Nov. 14, 2013). By contrast, where courts have limited disclosure on First Amendment grounds, the organization has "made an uncontroverted showing that on past occasions disclosure of members' identities exposed those members to economic reprisal, loss of employment, threat of physical coercion, and other manifestations of public hostility" or has produced "substantial uncontroverted evidence that public identification of persons . . . as members . . . had been followed by harassment and threats of bodily harm." New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1355 (2d Cir. 1989). OSG must at least articulate facts beyond conclusory assertions of speculative harm that its "existence will be threatened" (Def. Ltr. at 4) to shift the burden to Plaintiff. See id.; Walsh, 2014 WL 12586844, at *4. It has not done so.

                                                      Respectfully Submitted,

                                                      Elizabeth Geddes
                                                      Nadia Shihata
                                                      Shihata & Geddes LLP