UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SPENCER LEE SCHNEIDER,

              Plaintiff,

        -against-

OSG, LLC, d/b/a Odyssey Study Group,
LORRAINE IMLAY and MINERVA
TAYLOR, both individually and as
fiduciaries of the ESTATE OF SHARON
GANS HORN, and GREGORY KOCH,

              Defendants.

------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 22-CV-7686 (FB) (VMS)

*Appearances:*
*For the Plaintiff:*
ELIZABETH GEDDES
NADIA I. SHIHATA
Shihata & Geddes LLP
155 Water Street
Brooklyn, New York 11201

*For the Defendants:*
RHETT O. MILLSAPS II
REBECCA TUSHNET
Lex Lumina PLLC
745 Fifth Avenue, Suite 500
New York, New York 10151

**BLOCK, Senior District Judge:**

    By letter dated January 22, 2024, Defendants requested a pre-motion

conference "regarding Defendants' anticipated motion for recusal."  Letter from

Rhett O. Millsaps II (Jan. 22, 2024).  By letter dated January 24, 2024, Plaintiff

wrote that such a motion would be "wholly without merit."  Letter from Elizabeth

Geddes (Jan. 24, 2024).

    The basis of Defendants' anticipated motion is that the lead lawyer for

Plaintiff, Elizabeth Geddes, was my former law clerk and that I singled her out for

"praise" in a forthcoming book.  Consequently, this "could lead a reasonable member of the public to question whether [I] can be impartial in deciding Defendants' pending motions."  Millsaps Letter 3.

I am constrained to *sua sponte* recuse myself, but I write to explain my reason lest the public and bar misbelieve that the basis for my recusal is because Ms. Geddes was a former law clerk.  Ms. Geddes is correct when she writes that "Courts have regularly rejected recusal motions where an attorney representing a litigant had a purely professional relationship with the presiding judge."  Geddes Letter 2 (citing *United States v. Occhipinti*, 851 F. Supp. 523, 525 (S.D.N.Y. 1993).  And she correctly quotes from *Occhipinti*:

> By the time a judge has attained senior status, she has many former law clerks and former student interns who are engaged in all aspects of the legal profession. Former clerks and former student interns become members of the criminal defense bar, become federal and state prosecutors, and even become members of the judiciary. Petitioner's argument, if taken to its illogical conclusion, would have virtually every judge reuse himself or herself whenever a former law clerk, or any attorney with whom he or she is acquainted for that matter, appears before the court.

851 F. Supp. at 527.

Ms. Geddes served as one of my law clerks 16 years ago.  She was, indeed, an outstanding law clerk and subsequently distinguished herself as an Assistant United States Attorney for many years before she recently joined the ranks of the private practitioners.  I had minimal contacts with her during that interregnum—all

on a professional level.  Notwithstanding that I hold her in the highest esteem, there is no basis for me to disqualify myself and no need for the bar or public to be concerned about my impartiality if I were to preside over this litigation because she was my former law clerk.

My policy is not to preside over cases involving recent former law clerks or where I have developed a particularly close personal relationship with the law clerk, but as I told Defendants' counsel during oral argument on his 12(b)(6) motion, "Ms. Geddes has been out for a hundred years, so I'm not concerned. And she was a tough law clerk. We had lots of arguments."

But Defendants' counsel, in his letter, has advised me that he is "a longtime supporter of the New Press" and "had a discussion with a staff member at the New Press about forthcoming books to be published in 2024." In that discussion, he "fortuitously learned" that the New Press is publishing my new book about criminal justice issues in which I singled out Ms. Geddes "for high praise." Millsaps Letter 2.

Counsel is correct that Ms. Geddes is indeed spoken about in my new book, scheduled to be released this September, but he has no specific knowledge of what I wrote about her.  However, his concern caused me to revisit what I wrote. Not surprisingly, I praised her for her outstanding career as an AUSA but went further: In one of the chapters where I discussed having to decide whether to grant a

prisoner his freedom under the recently enacted First Step Act, which has changed the federal sentencing landscape in the United States, I wrote a "mea culpa" and stated: "In retrospect, I believe I made a hasty and improvident decision" because "I had such a high regard for Liz Geddes, that I credited what she had written."

Regrettably, Ms. Geddes' outstanding talents and reputation have come back to haunt her, and I apologize for any inconvenience I may have caused her by having to recuse myself under the unique circumstances of this case.

The Clerk of the Court is ordered to randomly reassign this case to another judge.

**SO ORDERED.**


 /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 4, 2024

4