# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SPENCER LEE SCHNEIDER<br><br>               Plaintiff,<br><br>         v.<br><br>OSG, LLC, d/b/a Odyssey Study Group,<br>LORRAINE IMLAY, individually and as a<br>fiduciary of the Estate of Sharon Gans Horn,<br>MINERVA TAYLOR, individually and as a<br>fiduciary of the Estate of Sharon Gans Horn, and<br>GREGORY KOCH,<br><br>               Defendants. | Case No. 22-cv-07686 (DG) (VMS)<br><br>**NOTICE OF SUBPOENAS** |

Plaintiff, by and through undersigned counsel and per Federal Rule of Civil Procedure 45(a)(4), serves this notice of three Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. Copies of the three subpoenas are enclosed with this notice.

Dated: New York, New York
      January 29, 2025

                                        KRANTZ & BERMAN LLP

                                        _____
                                        Hugh D. Sandler
                                        747 Third Avenue, Floor 32
                                        New York, NY 10017
                                        212-661-0009
                                        hsandler@krantzberman.com

                                        *Attorneys for Plaintiff*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| Spencer Lee Schneider | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22-7686 (DG)(VMS) |
| Odyssey Study Group LLC, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              JPMorgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Krantz & Berman LLP<br>747 Third Av., New York, NY 10017 | Date and Time:<br><br>02/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  Jan. 29, 2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | *Hugh Sandler* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Spencer Schneider
_____ , who issues or requests this subpoena, are:

Hugh Sandler, Krantz & Berman LLP, 747 Third Av., 10017;  hsandler@krantzberman.com; 646 943-6112

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-7686 (DG)(VMS)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO SUBPOENA DATED JANUARY 29, 2025 TO JPMORGAN CHASE BANK N.A.**

**DEFINITIONS**

1.  The term "ACH" refers to funds that are deposited, withdrawn, or otherwise transferred in part or in whole through the Automated Clearinghouse system.

2.  The term "Checks" refers to all personal checks, certified checks, cashier's checks, official checks, and teller's checks.

3.  The term "Currency Transaction Report" refers to reporting obligations as detailed in the Code of Federal Regulations at 31 C.F.R. § 1010.311, among other sections.

4.  The term "Wire" refers to funds that are deposited, withdrawn, or otherwise transferred in part or in whole through the Society for Worldwide Interbank Financial Telecommunications (SWIFT), the Federal Reserve Banks' Fedwire Funds Service, the Clearing House Interbank Payments System (CHIPS), or any entity that performs services similar to those listed in this definition.

5.  Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is incorporated by reference herein and states in pertinent part as follows:

    a.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    b.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

c.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

e.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

h.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

i. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

j. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.     This request is a continuing request, and to the extent that at any time after the production of documents called for by this request the responding party becomes aware of or acquires additional documents responsive to this request, such documents shall be produced promptly.

2.     In the event that any document called for has been destroyed, the responding party shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

3.     A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4.     In the event that any document is not produced by you because of a claim of privilege, please furnish a description of each document withheld sufficient to validate the privilege claimed, including without limitation, a listing of the identity of the author of the document, each recipient of the document, and a description of the subject matter of the document.  Moreover, please state with respect to each such document the nature of the claimed privilege.

5.     In the event that any document is not produced by you because the production request is claimed to objectionable, please state with respect to each such document the portion of

the document that is claimed to be objectionable and the nature and basis of the objection. Where a document is responsive to a request that is not objected to, and is also responsive to a request that is objected to, all portions of the document responsive to the request that is not objected to must be produced.

6.    The documents should be produced in electronic format.

7.    Please direct any questions to Hugh Sandler, counsel for the subpoenaing party, by email at hsandler@krantzberman.com or by phone at 646 943-6112.

## REQUESTS

### REQUEST NO. 1

For any account or safe deposit box held for OSG, LLC, a limited liability company formed in New York, including <u>but not limited to</u> the account with account number 6302182750, produce copies of the following:

    a.  all Checks;

    b.  all monthly statements; and

    c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 1, produce documents sufficient to show:

    d.  all Wire transactions; and

    e.  all ACH transactions.

### REQUEST NO. 2

For any account or safe deposit box held for Odyssey Study Groups, a partnership formed in New York with identification number 13-376-8273 or 12-376-8273, produce copies of the following:

    a.  all Checks;

    b.  all monthly statements; and

    c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 2, produce documents sufficient to show:

    d.  all Wire transactions; and

    e.  all ACH transactions.

**REQUEST NO. 3**

For any account or safe deposit box held for Sharon Gans Horn (DOB: 7/29/1935; SSN: 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); last known address: The Plaza Condominium, Unit 405, One Central Park South, New York, New York 10019, produce copies of the following:

    a.  all Checks;

    b.  all monthly statements; and

    c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 3, produce documents sufficient to show:

    d.  all Wire transactions;

    e.  all ACH transactions.

**REQUEST NO. 4**

For any account or safe deposit box held for The Estate of Sharon Gans Horn (DOB: 7/29/1935; SSN: 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); last known address: The Plaza Condominium, Unit 405, One Central Park South, New York, New York 10019, produce copies of the following:

    a.  all Checks;

      b.  all monthly statements; and

      c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 4, produce documents sufficient to show:

      d.  all Wire transactions; and

      e.  all ACH transactions.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| Spencer Lee Schneider _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-7686 (DG)(VMS) |
| Odyssey Study Group LLC, et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           Citizens Bank, N.A.

_____

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Krantz & Berman LLP<br>747 Third Av., New York, NY 10017 | Date and Time:<br><br>02/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Jan. 29, 2025

|  CLERK OF COURT |  |  |
|---|---|---|
| | OR | |
| _____ | | *Hugh Sandler* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Spencer Schneider
_____ , who issues or requests this subpoena, are:

Hugh Sandler, Krantz & Berman LLP, 747 Third Av., 10017; hsandler@krantzberman.com; 646 943-6112

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-7686 (DG)(VMS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

On *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ On *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print    Save As...    Add Attachment    Reset

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(iii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### ATTACHMENT TO SUBPOENA DATED JANUARY 29, 2025 TO CITIZENS BANK, N.A.

### DEFINITIONS

1.     The term "ACH" refers to funds that are deposited, withdrawn, or otherwise transferred in part or in whole through the Automated Clearinghouse system.

2.     The term "Checks" refers to all personal checks, certified checks, cashier's checks, official checks, and teller's checks.

3.     The term "Currency Transaction Report" refers to reporting obligations as detailed in the Code of Federal Regulations at 31 C.F.R. § 1010.311, among other sections.

4.     The term "Wire" refers to funds that are deposited, withdrawn, or otherwise transferred in part or in whole through the Society for Worldwide Interbank Financial Telecommunications (SWIFT), the Federal Reserve Banks' Fedwire Funds Service, the Clearing House Interbank Payments System (CHIPS), or any entity that performs services similar to those listed in this definition.

5.     Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is incorporated by reference herein and states in pertinent part as follows:

     a.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

     b.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

c.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

e.  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.  The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

h.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2

i.  The connectives "and" and "or" shall be construed either disjunctively or con-

junctively as necessary to bring within the scope of the discovery request all

responses that might otherwise be construed to be outside of its scope.

j.  The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.  This request is a continuing request, and to the extent that at any time after the production of documents called for by this request the responding party becomes aware of or acquires additional documents responsive to this request, such documents shall be produced promptly.

2.  In the event that any document called for has been destroyed, the responding party shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

3.  A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4.  In the event that any document is not produced by you because of a claim of privilege, please furnish a description of each document withheld sufficient to validate the privilege claimed, including without limitation, a listing of the identity of the author of the document, each recipient of the document, and a description of the subject matter of the document.  Moreover, please state with respect to each such document the nature of the claimed privilege.

5.  In the event that any document is not produced by you because the production request is claimed to objectionable, please state with respect to each such document the portion of

3

the document that is claimed to be objectionable and the nature and basis of the objection.

Where a document is responsive to a request that is not objected to, and is also responsive to a

request that is objected to, all portions of the document responsive to the request that is not ob-

jected to must be produced.

      6.     The documents should be produced in electronic format.

      7.     Please direct any questions to Hugh Sandler, counsel for the subpoenaing party,

by email at hsandler@krantzberman.com or by phone at 646 943-6112.

## REQUESTS

### REQUEST NO. 1

For any account or safe deposit box held for OSG, LLC, a limited liability company

formed in New York, including but not limited to the account with account number 1133847681,

produce copies of the following:

      a.  all Checks;

      b.  all monthly statements; and

      c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 1, produce documents suffi-

cient to show:

      d.  all Wire transactions; and

      e.  all ACH transactions.

### REQUEST NO. 2

For any account or safe deposit box held for Odyssey Study Groups, a partnership formed

in New York with identification number 13-376-8273 or 12-376-8273, produce copies of the

following:

a.  all Checks;

b.  all monthly statements; and

c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 2, produce documents sufficient to show:

d.  all Wire transactions; and

e.  all ACH transactions.

**REQUEST NO. 3**

For any account or safe deposit box held for Sharon Gans Horn (DOB: 7/29/1935; SSN: 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); last known address: The Plaza Condominium, Unit 405, One Central Park South, New York, New York 10019, produce copies of the following:

a.  all Checks;

b.  all monthly statements; and

c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 3, produce documents sufficient to show:

d.  all Wire transactions;

e.  all ACH transactions.

**REQUEST NO. 4**

For any account or safe deposit box held for The Estate of Sharon Gans Horn (DOB: 7/29/1935; SSN: 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); last known address: The Plaza Condominium, Unit 405, One Central Park South, New York, New York 10019, produce copies of the following:

a.  all Checks;

      b.  all monthly statements; and

      c.  all Currency Transaction Reports.

For the accounts and safe deposit boxes referenced in Request No. 4, produce documents sufficient to show:

      d.  all Wire transactions; and

      e.  all ACH transactions.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Spencer Lee Schneider | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   22-7686 (DG)(VMS) |
| Odyssey Study Group LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Abraham Weiss, CPA
18 East 41st St., 3rd Fl., New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Krantz & Berman LLP<br>747 Third Av., New York, NY 10017 | Date and Time:<br><br>02/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __Jan. 29, 2025__

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | *Hugh Sandler* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Spencer Schneider
_____ , who issues or requests this subpoena, are:

Hugh Sandler, Krantz & Berman LLP, 747 Third Av., 10017;  hsandler@krantzberman.com; 646 943-6112

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   22-7686 (DG)(VMS)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

On *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ On *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO SUBPOENA DATED JANUARY 29, 2025 TO
ABRAHAM WEISS, C.P.A.**

**DEFINITIONS**

1.      The term "File" refers to all communications, writings, drawings, graphs, charts, spreadsheets, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or indirectly.

2.      Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is incorporated by reference herein and states in pertinent part as follows:

      a.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

      b.   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

      c.   The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

      d.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

      e.   The terms "all," "any," and "each" shall each be construed as encompassing any and all.

f.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

g.  The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.    This request is a continuing request, and to the extent that at any time after the production of documents called for by this request the responding party becomes aware of or acquires additional documents responsive to this request, such documents shall be produced promptly.

2.    In the event that any document called for has been destroyed, the responding party shall identify such documents and, in addition, specify: (a) the date of its destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its destruction.

3.    A request for any document shall be deemed to include, in addition to the document itself, a request for any transmittal sheets and cover letters accompanying the requested document, exhibits and attachments to the document, and enclosures sent with the document.

4.    In the event that any document is not produced by you because of a claim of privilege, please furnish a description of each document withheld sufficient to validate the privilege claimed, including without limitation, a listing of the identity of the author of the document, each recipient of the document, and a description of the subject matter of the document.  Moreover, please state with respect to each such document the nature of the claimed privilege.

5.    In the event that any document is not produced by you because the production request is claimed to objectionable, please state with respect to each such document the portion of

2

the document that is claimed to be objectionable and the nature and basis of the objection. Where a document is responsive to a request that is not objected to, and is also responsive to a request that is objected to, all portions of the document responsive to the request that is not objected to must be produced.

6.    The documents should be produced in electronic format.

7.    Please direct any questions to Hugh Sandler, counsel for the subpoenaing party, by email at hsandler@krantzberman.com or by phone at 646 943-6112.

## REQUESTS

**REQUEST NO. 1**

Produce a copy of your File concerning OSG, LLC d/b/a Odyssey Study Group.

**REQUEST NO. 2**

Produce documents sufficient to show all persons who have, or ever had, authority, on behalf of OSG, LLC d/b/a Odyssey Study Group, to instruct you to act.

**REQUEST NO. 3**

Produce a copy of your File concerning Sharon Gans Horn.

**REQUEST NO. 4**

Produce a copy of your File concerning the Estate of Sharon Gans Horn (DOB: 7/29/1935; SSN: 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); last known address: The Plaza Condominium, Unit 405, One Central Park South, New York, New York 10019.