

110 West 40th Street, Ste 1003
New York, New York 10018
www.shihatageddes.com
646-974-1143

March 13, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Spencer Lee Schneider v. Odyssey Study Group LLC, et al.
               Civil Docket No. 22-07686 (DG) (VMS)

Dear Judge Scanlon,

    The parties submit this joint letter pursuant to the Court's Order dated November 26, 2024 to "submit a joint letter identifying all parties that have been or will be deposed." No witnesses have yet been deposed.

**A.**    **Witnesses Identified by Plaintiff**

    Based on the information available to Plaintiff today, Plaintiff has advised Defendants that he intends to depose the following party and non-party witnesses:

1. <u>Party Witnesses</u>

- Witness(es) who Defendant OSG, LLC identifies are competent to testify about all topics Plaintiff notices under Fed. R. Civ. P. 30(b)(6)
- Defendant Lorraine Imlay
- Defendant Minerva Taylor
- Defendant Gregory Koch

2. <u>Non-Party Witnesses</u>

- Robert Klein
- John Rich
- Leslie Okladek

- Judith Fowler
- Abraham Weiss

The above is Plaintiff's good faith effort to identify at this time individuals he anticipates deposing. But because paper discovery is not yet complete, Plaintiff reserves his right to depose additional witnesses not listed above, or elect to not depose some of the above-listed witnesses depending on information Plaintiff subsequently learns.

We further add that, in keeping with the parameters of this letter, we asked Defendants' counsel to withdraw their argument from their portion of the letter, but they declined to do so. We view Defendants' statement below as overly argumentative, inappropriate, and patently outside the scope of what this Court ordered to be submitted via joint letter. We have much to say in response to Defendants' statements but this joint letter is not the appropriate filing to do so. Plaintiff will address Defendants' arguments to the Court via appropriate motion practice.

**B.    Witnesses Identified By Defendants**

As detailed in Defendants' pending letter motion to compel identification for depositions (ECF No. 85), Defendants have not yet served any subpoenas or conducted any depositions because they have been unable to ascertain which of the 150 individuals identified in Schneider's initial disclosures and interrogatory responses he intends to rely upon to support his claims.[1] The voluminous documents produced by Schneider on a rolling basis, including on the evening of March 10, have not answered this question. Defendants have respectfully requested the Court's intervention to avoid harassing dozens of their organization's current and former members to try to determine which, if any, of them should be deposed—which would only serve to chill Defendants' and their organization's non-party members' First Amendment rights and waste both parties' resources by deposing individuals who lack information supporting Schneider's claims. If the Court grants Defendants' motion to compel identification for depositions, Defendants are prepared to serve subpoenas and promptly conduct the necessary depositions.

Defendants further note that Schneider stated to the Court on November 21, 2024, that he "intend[ed] to depose all of the named Defendants as well as three non-party witnesses" that he previously had identified to Defendants (Klein, Rich, and Okladek). ECF No. 70 at 2. But to date, Schneider has not served any deposition notices, nor has he offered any good reason for failing to do so or for the belated document production completed only three days ago.

---

[1] Defendants also have a pending motion for a protective order to limit discovery to the period relevant to Schneider's claims, filed on February 13, 2025. ECF No. 80. The Court's resolution of that motion will further help determine which potential witnesses might be relevant for depositions as well as the appropriate scope of depositions.

Defendants have repeatedly advised Schneider over the last three months that his failure to produce documents in a timely fashion was preventing them from moving forward with depositions. Defendants substantially completed their production in response to Scheider's requests and interrogatories, subject to their objections and obligation to supplement, on February 7, 2025, the date that they had proposed that both parties exchange substantially complete productions. *See* ECF No. 85 at 2.

Defendants are eager to dispose of Schneider's damaging and harassing allegations, and Schneider's resistance to providing the information needed to do so is telling. The Court's intervention is necessary and appropriate at this juncture to ensure that this case—and the collateral consequences to Defendants associated with it—is not needlessly prolonged.

        Respectfully submitted,

*/s/ Elizabeth Geddes*
Elizabeth A. Geddes (NY Reg. #4348470)
SHIHATA & GEDDES LLP
155 Water Street
Brooklyn, New York 11201
(646) 974-1143
liz@shihatageddes.com

Hugh Sandler (NY Reg. # 4712584)
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
hsandler@krantzberman.com

<u>/s/ *Rhett O. Millsaps II*</u>
Rhett O. Millsaps II
Rebecca Tushnet
LEX LUMINA LLP
745 Fifth Avenue
New York, NY 10151
(646) 898-2055
rhett@lex-lumina.com
rtushnet@lex-lumina.com

Anna M. Skotko
SKOTKO LAW PLLC
29 Broadway, Floor 31
New York, NY 10006
(646) 396-5251
anna@skotkolaw.com

*Attorneys for Defendants*

Eva H. Posman
570 Lexington Av., Ste 1600
New York, NY 10022
(212) 661-9191
eposman@aol.com

*Co-counsel for OSG, LLC and Lorraine Imlay and Minerva Taylor in their capacities as fiduciaries of the Estate of Sharon Gans Horn*

4