```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SPENCER LEE SCHNEIDER,                          :
                                                :
                        Plaintiff,              :
                                                :                    ORDER
            -against-                           :
                                                :           22 Civ. 7686 (DG) (VMS)
                                                :
OSG, LLC, d/b/a Odyssey Study Group,            :
LORRAINE IMLAY, individually and as a           :
fiduciary of the estate of Sharon Gans Horn,    :
MINERVA TAYLOR, individually and as a           :
fiduciary of the estate of Sharon Gans Horn, and:
GREGORY KOCH,                                   :
                                                :
                        Defendants.             :
----------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Defendants' motion at ECF No. 95-1 to deem discoverable a draft of Plaintiff's complaint, inadvertently disclosed to Defendants' counsel. For the reasons stated below, Defendants' motion is denied.

"The work product privilege . . . provides that materials prepared in anticipation of litigation are not discoverable absent a showing that the party seeking discovery has a substantial need for the materials and cannot obtain the equivalent without undue hardship." Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 229 F.R.D. 441, 444-45 (S.D.N.Y. 2004); see Fed. R. Civ. P. 26(b)(3). The parties do not dispute that the draft complaint constitutes work product. See ECF Nos. 95-1 at 3 (filed under seal), 96-1 at 1 (filed under seal). Rather, Defendants argue that 1) the work-product privilege was waived when, before the complaint was filed, Plaintiff emailed the draft complaint to Larry Swets ("Mr. Swets"), a friend and business associate of Plaintiff, and a potential witness in this case; 2) the draft complaint is discoverable under the crime-fraud exception; and 3) the draft complaint provides information necessary for Defendants

1

to contest the timeliness of this action.  See ECF Nos. 95-1, 96-2 ¶ 5 (filed under seal). Defendants' arguments are not convincing.

"A party waives the work product protection by taking actions inconsistent with . . . its purpose, such as disclosing work product to its adversary or by placing privileged documents 'at issue' in a litigation[.]"  New York Times Co. v. United States Dep't of Just., 939 F.3d 479, 494 (2d Cir. 2019) (citations omitted).  The work product privilege is generally waived "only if the disclosure substantially increases the opportunity for potential adversaries to obtain the information[;]" the privilege is not "automatically waived by any disclosure to third persons" unless the third persons could be "reasonably viewed as a conduit to a potential adversary." Merrill Lynch, 229 F.R.D. at 445-46 (citations & quotation marks omitted).  As to the crime-fraud exception, although otherwise protected material may be discoverable if "the attorney work product in question was itself in furtherance of the crime or fraud," in situations "[w]here the very act of litigating is alleged as being in furtherance of a fraud, the party seeking disclosure . . . must show probable cause that the litigation . . . had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud."  In re Richard Roe, Inc., 168 F.3d 69, 71 (2d Cir. 1999) (citations & quotation marks omitted) (emphasis in original).

Plaintiff entitled his email to Mr. Swets, "Privileged and confidential work product[.]" ECF No. 96-2 ¶ 6.  At the time of Plaintiff's disclosure of the draft complaint, Mr. Swets was not just a business associate to Plaintiff, but he was also a close personal friend.  See id. ¶¶ 1-3.  As Plaintiff "viewed Mr. Swets as a confidant[,]"  id. ¶ 3, it is reasonable that Mr. Swets would not be considered a "conduit to a potential adversary."  Merrill Lynch, 229 F.R.D. at 446 (citation omitted).  Although Defendants' counsel has spoken with Mr. Swets, and has indicated that Mr. Swets "would be an independent witness if called to testify in this matter[,]" ECF No. 95-2 ¶ 7

(filed under seal), Defendants' counsel acknowledges that Mr. Swets "has no interest in this case or any other common legal interest with [Plaintiff]." Id. Plaintiff's disclosure of the draft complaint to a personal friend did not at the time "substantially increase[] the opportunity" for Defendants' counsel to obtain the draft complaint, even though Mr. Swets would later be considered a potential witness in this case. Merrill Lynch, 229 F.R.D. at 445 (citations omitted). Furthermore, Defendants have not offered any information suggesting that Mr. Swets would be a witness concerning the timeliness of this action, of which the draft complaint is purportedly relevant evidence. See ECF No. 95-1.

Defendants' other arguments that the draft complaint is discoverable are also not persuasive. Defendants allege some of the allegations in the complaint itself constitute fraud, and Defendants have not met their burden of showing "probable cause" that this litigation was "carried on substantially for the purpose of furthering" any allegedly fraudulent conduct – namely, that the complaint contains misrepresentations to overcome the relevant statutes of limitations. Richard Roe, 168 F.3d at 71; see ECF No. 103 5:21-6:21. The inadvertent disclosure of the draft complaint is not necessary for Defendants to contest the timeliness of this action, as there are other means for Defendants to gather information about whether this action is timely. See, e.g., ECF Nos. 96-1 at 4, 103 6:8-15.

The draft complaint, inadvertently disclosed as a part of Plaintiff's document production, is protected by the attorney work product privilege and may not be used as evidence in this action.

The sealing requests at ECF Nos. 95, 96 and 98 are granted to the extent that they include the draft complaint at issue and discuss its contents. Counsel are to file publicly available, redacted copies of ECF Nos. 95, 96 and 98 with redactions consistent with this Order on or before September 26, 2025.

Dated: Brooklyn, New York
September 15, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge