UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SPENCER LEE SCHNEIDER,                         :
                                                :
                       Plaintiff,                :
                                                :             **ORDER**
       -against-                             :
                                                :      22 Civ. 7686 (DG) (VMS)
                                                :
OSG, LLC, d/b/a Odyssey Study Group,            :
LORRAINE IMLAY, individually and as a           :
fiduciary of the estate of Sharon Gans Horn,    :
MINERVA TAYLOR, individually and as a           :
fiduciary of the estate of Sharon Gans Horn, and:
GREGORY KOCH,                                   :
                                                :
                       Defendants.           :
-------------------------------------------------------------x

**Vera M. Scanlon, United States Magistrate Judge:**

      Before the Court is Plaintiff's motion at ECF No. 90 to compel Defendants' compliance with several document demands from his Requests for Production ("RFPs"). For the reasons stated below, Plaintiff's motion is denied.

      Plaintiff seeks documents involving, inter alia, photographs of members of Defendant OSG, LLC ("OSG") at OSG events and performing OSG services; documents and communications regarding work performed and classes attended by OSG members; documents regarding recruitment of and fee collection from OSG members; and documents regarding the planning of OSG events. See ECF No. 90-2. Defendants object to these RFPs as they are not "related to Plaintiff" and argue that these RFP's infringe on Defendants' First Amendment rights. See ECF Nos. 90 & 91.

      The United States Supreme Court has noted that "compelled disclosure of affiliation with groups engaged in advocacy may constitute as effective a restraint on freedom of association as other forms of governmental action." Ams. for Prosperity Found. v. Bonta, 594 U.S. 595, 606

1

(2021) (internal brackets omitted) (quoting Nat'l Assoc. for the Advancement of Colored People v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958)).  This constitutional protection for an association's members applies "[r]egardless of the type of association," and "disclosure requirements can chill association even if there is no disclosure to the general public." Id. at 608, 616 (citations, quotation marks & internal brackets omitted).

Pursuant to this constitutional principle, if a "discovery request adversely affects an organization's and/or its members' mission of advocacy and chills their ability to freely speak or to associate, [an] organizational privilege may attach." Sherwin-Williams Co. v. Spitzer, No. 04 Civ. 185 (DNH) (RFT), 2005 WL 2128938, at *4 (N.D.N.Y. Aug. 24, 2005); see Carrier v. Ravi Zacharias Int'l Ministries, Inc., No. 1:21 Civ. 3161 (TWT), 2023 WL 2355891, at *4 (N.D. Ga. Mar. 3, 2023) (collecting cases from different circuits noting that "courts have consistently recognized a qualified associational privilege in the discovery context" and analyzing an assertion of the privilege after Americans for Prosperity).  "[T]he party asserting the privilege must make 'a prima facie showing that disclosure would infringe on its First Amendment Rights.'" DoorDash, Inc. v. City of New York, 754 F. Supp. 3d 556, 576 (S.D.N.Y. 2024) (quoting New York State Nat'l Assoc. for Women v. Terry, 886 F.2d 1339, 1355 (2d Cir. 1989)) (noting that this burden is "light").  "Once there is a prima facie showing of hostility and adverse impact [on First Amendment rights], the burden shifts to the party seeking the disclosure to demonstrate a compelling need for the information that will survive exacting scrutiny." Sherwin-Williams, 2005 WL 2128938, at *4 (citations & quotation marks omitted); see, e.g., Young Conservatives of Texas Found. v. Univ. of N. Texas, No. 4:20 Civ. 973 (SDJ), 2022 WL 2901007, at *3 (E.D. Tex. Jan. 11, 2022); Hisp. Leadership Fund, Inc. v. Walsh, No. 12 Civ. 1337 (MAD) (TWD), 2014 WL 12586844, at *3 (N.D.N.Y. June 9, 2014) (citation omitted).

"[E]xacting scrutiny requires that there be a substantial relation between the disclosure requirement and a sufficiently important governmental interest, and that the disclosure requirement be narrowly tailored to the interest it promotes[.]" Ams. for Prosperity, 594 U.S. at 611 (citation & quotation marks omitted).  For example, in Americans for Prosperity, the Supreme Court held that a California statute requiring charitable organizations to "disclose to the state Attorney General's Office the identities of their major donors" was facially unconstitutional, as the State's interest in efficient tax administration did not justify the statute's potential chill of First Amendment rights, and it was not narrowly tailored to the State's "investigative goals[.]"  Id. at 600-01, 615.  Interpreting Americans for Prosperity, the Second Circuit recently noted that "[t]he Supreme Court has subjected disclosure requirements to heightened scrutiny when such requirements might deter First Amendment protected activity" and that under Americans for Prosperity, "[t]he risk of a chilling effect on association or speech is enough" to trigger this scrutiny.  Cornelio v. Connecticut, 32 F.4th 160, 170 (2d Cir. 2022).  The Second Circuit has not yet ruled on how the holding in Americans for Prosperity affects the associational-privilege standard.

Here, Defendants have made a prima facie showing that disclosing documents and communications relating to OSG's members other than Plaintiff would adversely affect OSG members' freedom of association.  Plaintiff has shown that he is willing to disseminate information about OSG to the public, either by speaking with the press or through the publication of his memoir or of blog posts, see ECF Nos. 92 ¶ 4, 92-4, 93-1, 93-2, which has already had a negative reputational effect on OSG, see ECF No. 106-4 (filed under seal).  Future similar negative publications about OSG could very well have a chilling effect on its members' freedom

3

of association, as they may wish to avoid a reputational harm that association with OSG may cause.

Plaintiff fails to demonstrate a "compelling need" for the information in the RFPs relating to OSG members other than Plaintiff. Sherwin-Williams, 2005 WL 2128938, at *4. Plaintiff argues that these documents are necessary to prove that Defendants "engaged in a scheme, pattern or plan to cause Plaintiff to believe that, if he did not perform labor or other services, he or another person would suffer serious harm." ECF No. 90 at 2 (citations, quotation marks, internal brackets & ellipsis omitted). Plaintiff does not explain why broad disclosure of identifying details about OSG's members is necessary to obtain information about OSG's operations, recruitment practices and methods of fee collection, during the period of discovery permitted by the Court's September 15, 2025, Order. Although such information may be relevant to the parties' dispute as to whether OSG operated as a spiritual organization or a commercial venture, Plaintiff has not offered any evidence that such information cannot be obtained in a way that would not impose a chilling effect on OSG's members' freedom of association. As such, Plaintiff has not shown that the RFPs are "narrowly tailored to the interest [they] promote[.]" Ams. for Prosperity, 594 U.S. at 611.

Plaintiff's argument that discovery concerning OSG's members would not constitute a "direct and substantial" or "significant" interference in OSG's members' First Amendment rights, ECF No. 90 at 4, does not take into account the Supreme Court's recent holding in Americans for Prosperity that "[t]he risk of a chilling effect on association is enough" to trigger First Amendment protections, 594 U.S. at 618. Moreover, Plaintiff's suggestion that discovery concerning OSG's members may be protected by a confidentiality order does not assuage

4

Defendants' and the Court's concerns, as "[w]hile assurances of confidentiality may reduce the burden of disclosure . . . they do not eliminate it." Id. at 616.

Plaintiff's motion to compel any documents or communications that identify, mention or contain information about OSG's members other than Plaintiff is denied. To the extent that Plaintiff seeks documents or communications relating to his own experience at OSG that contain identifying information about other OSG members, Defendants must provide those documents and communications with identifying information concerning these other OSG members redacted.

The Court notes that the scope of discoverable material for the remainder of Plaintiff's RFPs, and Defendants' objections as to the scope of Plaintiff's RFPs, see ECF Nos. 104-106, may be affected by the Court's recent Order temporally limiting discovery. As such, the remainder of Plaintiff's motion to compel is denied. The parties are directed to meet and confer within 14 days of this Order as to which discovery materials Defendants need to produce in light of this Order and the Court's Order restricting the temporal scope of discovery. The parties must make any production that they agree upon within 25 days of this Order. As to any outstanding disagreements on this discovery, the parties should file a joint letter outlining these disagreements within 30 days of this Order.

The sealing requests at ECF Nos. 94 and 106 are granted to the extent that these requests include documents with identifying information concerning OSG's members and its finances. Defendants must file publicly available copies of the documents at ECF Nos. 94 and 106 with redactions consistent with this Order on or before 9/26/2025. Any such redactions are expected to comply with the principles set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

Dated: Brooklyn, New York
September 15, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge