```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SPENCER LEE SCHNEIDER,                        :
                                              :
                      Plaintiff,              :
                                              :
        -against-                             :         ORDER
                                              :
OSG, LLC, d/b/a Odyssey Study Group,          :   22 Civ. 7686 (DG) (VMS)
LORRAINE IMLAY, individually and as a         :
fiduciary of the estate of Sharon Gans Horn,  :
MINERVA TAYLOR, individually and as a         :
fiduciary of the estate of Sharon Gans Horn, and :
GREGORY KOCH,                                 :
                                              :
                      Defendants.             :
---------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is Plaintiff's Motion for Reconsideration ("Motion," ECF No. 122) of the Court's September 15, 2025 Order ("Order"), which, with certain exceptions, limited discovery in this case to a period from December 2003 through January 2013. For the reasons stated below, the Motion is denied.

Defendants moved for a protective order requesting that the Court, inter alia, limit the period for discovery in this case from December 19, 2003 to January 10, 2013. See Defs. Mot. for Order of Protection, ECF No. 80. The Court granted the motion and held:

> More than twelve years have passed since Plaintiff's alleged last involvement with Defendant OSG, LLC ("OSG"), which exceeds the time period of Plaintiff's alleged involvement with OSG for which he may recover damages. A period of discovery which would extend twelve years after the termination of any relationship between Plaintiff and Defendants would be unduly burdensome on Defendants, considering that such discovery would include [] a significant amount of materials that do[es] not involve Plaintiff in any way and would not be relevant to his claims or the defenses in this action or lead to the discovery of admissible evidence about such.

1

>Plaintiff's argument that a wider temporal scope of discovery is necessary to determine the scope of Defendants' alleged "scheme, pattern and plan" is not convincing. ECF No. 81 at 4. The scope of permissible discovery which spans several years of Plaintiff's involvement with OSG, and may contain exceptions for more discovery about more recent events that would be relevant to this case, already gives Plaintiff ample opportunity to collect discovery relating to the alleged scheme, pattern or plan of unlawful activity, if any such material exists. The alleged sparse discovery record about Plaintiff for the time period relevant to Plaintiff's claims does not justify Plaintiff to lead a fishing expedition of Defendants' records to see if other information would fill in gaps in the record. See ECF No. 103 22:24–23:7. Evidence of how Defendants operated in the years following Plaintiff's departure would not be evidence of whether Defendants operated a "scheme, pattern or plan" up through 2013.

Order.

Pursuant to Local Civil Rule 6.3 and the Court's inherent authority, Plaintiff now seeks reconsideration of the Order to allow for "<u>testimonial</u> discovery as to the period between 1989 and December 18, 2003, regarding events that specifically relate to Plaintiff." Mot. at 1 (emphasis original). Rule 6.3 permits a party to move for reconsideration of any Court order within 14 days of its entry, which submission must include "a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked."[1] "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Pagan v. Pier 76, Inc., No. 18 Civ. 1460 (KAM) (CLP), 2019 WL 13223716, at *2 (E.D.N.Y. Feb. 15, 2019) (internal quotation omitted).

---

[1] Defendants contend that the Motion should be denied because there is no valid legal basis for the Court to reconsider the Order. See Defs. Opp. at 1, ECF No. 124. Defendants correctly note that 28 U.S.C. § 636 and Fed. R. Civ. P. 72 provide a mechanism for a party to file written objections to a report and recommendation of any magistrate judge, which must be ruled on by a district judge. See id. Section 636 and Rule 72 do not, however, divest this Court of exercising its discretion to reconsider any order pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 60(b), which provides that a court may relieve a party from any "order, judgment or proceeding" for, inter alia, "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence."

2

Plaintiff seeks "discovery through depositions regarding his recruitment into the Defendants' organization in 1989" in order to "present a complete narrative." Mot. at 3. Plaintiff now contends that testimony about the events of this period, which include "Defendant's deceptive recruitment of Plaintiff, their indoctrination of Plaintiff through tactics of coercive control, and steps taken by Defendants to intertwine Plaintiff's livelihood with the organization, which Defendants later used to coerce labor[, is] necessary to complete the story giving rise to Plaintiff's claims." Id. at 1. Plaintiff urges the Court to reconsider the Order because "these facts are so relevant and highly probative to understanding, among other things, Plaintiff's later state of mind concerning performing labor for the cult during the Liability Period." Id.

Contrary to Plaintiff's argument, the Order already considered the terms of the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the factors relevant to granting a protective order, as well as the expansive scope of the permitted discovery weighed against Defendants' constitutional and privacy concerns. The Court also finds that Plaintiff's proposed expanded period for testimony would be burdensome to Defendants because it may involve additional witnesses and likely would lengthen depositions covering the subject period.

Moreover, Plaintiff does not identify any "controlling decisions or data that the [C]ourt overlooked . . . [which] might reasonably be expected to alter the conclusion of the [C]ourt." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has not identified "an intervening change of controlling law" or the "availability of new evidence." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Any facts that Plaintiff may contend are "new" for purposes of the Motion are not, in fact, new: Plaintiff was in possession of this "pre-2003 evidence" when the Order was issued, and Plaintiff could have presented it earlier. See Cuomo v. Off. of the New York State Att'y Gen., 727 F. Supp. 3d 231,

3

234 (E.D.N.Y. 2024).  Moreover, these pre-2003 facts, even if the Court found them to be new, cannot "reasonably be expected to alter the conclusion reached by the Court."  Id. at 237 (cleaned up).

At most, Plaintiff intimates that he would suffer "manifest injustice," see id., because the Order "profoundly undercuts Plaintiff's ability to present his case at trial."  Mot. at 3.  The discovery limitation does not limit Plaintiff's ability to try to establish his narrative as to events during the subject period.  Plaintiff himself should be well able to "present a complete narrative" by testifying about the alleged events that led to his involvement in OSG.  Plaintiff may also obtain discovery, if it exists, of how, during the subject period, Defendants used the allegedly coercive methods of control that were seeded during the 1990s.  For example, Plaintiff could obtain or offer evidence, if it exists, of Defendants' control over his livelihood during the subject period in order to try to establish his claims.  Accordingly, the discovery limitation does not constitute "manifest injustice" sufficient for the Court to reconsider the Order.

Plaintiff, therefore, has not met the strict standard necessary for the Court to reconsider the Order.  The Motion is denied.

Dated: Brooklyn, New York
November 7, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge