

Larry H. Krantz
Marjorie E. Berman
Hugh D. Sandler
Jerrold L. Steigman

Ainsley C. Dowling

Lisa A. Cahill
Rebecca S. Campbell
*Of Counsel*

Writer's E-mail

hsandler@krantzberman.com

December 9, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Schneider v. OSG, LLC et al.*, 22-cv-7686-DG-VMS (E.D.N.Y.)

Dear Judge Scanlon,

      Under Rule II.b of Your Honor's Individual Rules, Plaintiff Spencer Schneider respectfully seeks leave to depose an out-of-state, non-party witness on a date that falls outside the fact discovery period, which closes on January 13, 2026. Defendants oppose this request.

      The witness, Joseph Stilwell, is located in Puerto Rico. His lawyer has advised Plaintiff's counsel that Mr. Stilwell's January travel schedule renders him unavailable from January 4 to January 22, 2026. His counsel has offered January 2 and 3 as potential dates but those dates (one of them a Saturday) are unworkable for Plaintiff's counsel.

      Mr. Stilwell's counsel does not oppose a deposition on, or after, January 23, and he is in the process of getting confirmation from Mr. Stilwell regarding his availability on Friday January 23.

      The only opposition to deposing Mr. Stilwell after January 13 is from Defendants, who have identified no actual prejudice that would result from allowing this deposition to proceed.

      Mr. Stilwell's testimony is important in this matter. He is referred to as Student # 2 throughout Plaintiff's Verified Complaint and he was Plaintiff's client during the relevant period. As alleged in the complaint, this client relationship was both critical to Plaintiff's livelihood *and* was controlled by Defendant OSG and its then-leader Sharon Gans Horn. The control exercised by OSG and Ms. Horn over the Plaintiff-Stilwell business relationship is, Plaintiff alleges, one of the central levers by which Defendant OSG used serious harm to coerce Plaintiff to perform labor. Mr. Stilwell's relationship with Plaintiff is therefore a key part of Plaintiff's theory of liability.

**DISCUSSION**

As an initial matter, and per this Court's minute order of September 17, 2025, the parties intend to provide a status report on discovery to the Court by December 15, 2025. In short — and to put this request in context — we expect that all other fact discovery will be concluded by January 13, 2026. The parties will have taken over fifteen depositions (including two full days of Plaintiff's testimony), Plaintiff will have produced over 60,000 pages of documents, and Plaintiff will have completed a four-hour medical examination with Defendants' proposed psychiatric expert. Plaintiff does not seek an extension to any discovery other than taking this lone deposition within a week or two after the close of fact discovery.[1]

On October 27, 2025, Plaintiff served a subpoena on Mr. Stilwell for testimony and documents. The subpoena was served on Rhett Millsaps, the attorney listed for Mr. Stilwell in Defendants' initial disclosures; Mr. Millsaps is also Defendants' counsel. Mr. Millsaps declined to accept service for Mr. Stilwell, even though, as Plaintiff's counsel later learned, Mr. Millsaps was representing Mr. Stilwell as his attorney *during the course of this litigation*. Mr. Millsaps instead directed Plaintiff's counsel to John Craig, an attorney at Allegaert Berger & Vogel LLP. Mr. Craig, however, declined to accept service unless Plaintiff agreed to narrow our document requests on Mr. Stilwell to a scope that he found acceptable. We responded that we are open to negotiating the document demands but not with the threat that Mr. Craig will not even accept service if we do not agree to his position on documents. Finally, approximately three weeks later, on November 17, Mr. Craig relented and accepted service with no pre-conditions on the parties' forthcoming negotiation regarding the scope of the documents.

Upon accepting service, Mr. Craig then informed Plaintiff's counsel that Mr. Stilwell would be unavailable on the subpoenaed date (December 16). Mr. Craig instead proposed December 2-6 and December 8 or 9. But these December dates were only two to three weeks from the date Mr. Craig accepted service and the parties had not yet begun negotiating documents. These early dates not only risked preventing Plaintiff from obtaining the documents requested from Mr. Stilwell prior to his deposition, but they also conflicted with counsel's schedule in other cases and with depositions planned in this case.

Indeed, Plaintiff's concern about the delay in obtaining documents was well-founded, as Mr. Craig is still yet to even advise Plaintiff of the "hit count" for just eight search terms, which were provided to him on December 3 to help the parties assess burden of the document requests. (Obtaining a "hit count" is a simple and quick step that requires counsel to type terms into the "search" function of a party's records and see how many documents "hit" those search terms. In this case, we asked Mr. Craig to run the following terms: "Spencer," "Gans," "Trafficking," "lawsuit," "Schneider", "cult", "federal case", and "Sharon". We are still waiting for Mr. Craig to merely tell us how many "hits" each of these terms generated.)

---

[1] The parties have previously jointly requested enlargements to the discovery deadline, which the Court has granted.

In light of the conflicts around the December dates, Plaintiff offered January 7, 9, and 12 as potential deposition dates.[2] But Mr. Craig informed Plaintiff, on December 2, that Mr. Stilwell is unavailable from January 4 to 22. (Although Mr. Craig did offer Friday January 2 and Saturday January 3, neither of these dates are possible for Plaintiff's counsel due to family and travel obligations; indeed, Mr. Craig also stated that January 2 would conflict with his own family plans).

On December 5, 2025, Plaintiff's counsel wrote to Defendants' counsel, Mr. Millsaps, requesting a ten-day extension of the fact discovery deadline to allow time for the deposition to be taken. We also offered Mr. Millsaps the option to take the deposition of another non-party witness, Dr. Joseph Lux, whose deposition, at that time, had not yet been scheduled. Mr. Millsaps provided reasons (but no prejudice) for why this deposition should not proceed after January 13, and then offered to provide his consent but only on the condition that Plaintiff agree to appear for four more hours of deposition (on top of the fourteen hours he has already been deposed in this case).

Plaintiff declined to agree to *eighteen* total hours of deposition time merely to obtain Defendants' counsel's consent to a modest request for a non-party witness to be deposed on a date later in January that would accommodate that witness's January travel schedule.

Attached to this letter, as Exhibit 1 is a true and correct copy of the correspondence between Plaintiff's and Defendants' counsel concerning the scheduling of Mr. Stilwell's deposition.

For all of the foregoing reasons, but specifically because this is a very modest request to extend fact discovery, because Defendants have not articulated any actual prejudice, because Mr. Stilwell and defense counsel have – cumulatively – blacked out December 18-31 and January 4-22 where no deposition can occur, and because Mr. Stilwell's attorney has no objection to Mr. Stilwell's deposition proceeding after the January 13 deadline, Plaintiff respectfully contends there is good cause to grant Plaintiff leave to depose Mr. Stilwell on either (i) January 23 (a date Mr. Stilwell's counsel is in the process of trying to confirm with his client); or (ii) in the event January 23 is not workable for Mr. Stilwell, leave for the parties to select a mutually agreeable date in January to conduct Mr. Stilwell's deposition.

Respectfully submitted,

Hugh Sandler

cc: All Counsel of Record (via ECF);
Counsel to Mr. Stilwell (via email)

---

[2] December 18 through the end of December were not possible because Defendants' counsel was unavailable at any time during those fourteen days.