# ATTACHMENT

# RE-FILED VERSIONS OF ECF NOS. 128 AND 128-1 WITH REDACTIONS (FOR PUBLIC DOCKETING)

# KRANTZ & BERMAN LLP

Larry H. Krantz
Marjorie E. Berman
Hugh D. Sandler
Jerrold L. Steigman

Ainsley C. Dowling

Lisa A. Cahill
Rebecca S. Campbell
*Of Counsel*

Writer's E-mail

hsandler@krantzberman.com

December 9, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Schneider v. OSG, LLC et al.*, 22-cv-7686-DG-VMS (E.D.N.Y.)

Dear Judge Scanlon,

Under Rule II.b of Your Honor's Individual Rules, Plaintiff Spencer Schneider respectfully seeks leave to depose an out-of-state, non-party witness on a date that falls outside the fact discovery period, which closes on January 13, 2026. Defendants oppose this request.

The witness, ████████ is located in Puerto Rico. His lawyer has advised Plaintiff's counsel that ████████'s January travel schedule renders him unavailable from January 4 to January 22, 2026. His counsel has offered January 2 and 3 as potential dates but those dates (one of them a Saturday) are unworkable for Plaintiff's counsel.

████████ counsel does not oppose a deposition on, or after, January 23, and he is in the process of getting confirmation from ████████ regarding his availability on Friday January 23.

The only opposition to deposing ████████ after January 13 is from Defendants, who have identified no actual prejudice that would result from allowing this deposition to proceed.

████████ testimony is important in this matter. He is referred to as Student # 2 throughout Plaintiff's Verified Complaint and he was Plaintiff's client during the relevant period. As alleged in the complaint, this client relationship was both critical to Plaintiff's livelihood *and* was controlled by Defendant OSG and its then-leader Sharon Gans Horn. The control exercised by OSG and Ms. Horn over the Plaintiff-████████ business relationship is, Plaintiff alleges, one of the central levers by which Defendant OSG used serious harm to coerce Plaintiff to perform labor. ████████'s relationship with Plaintiff is therefore a key part of Plaintiff's theory of liability.

The Honorable Vera Scanlon
December 9, 2025
Page 2

## DISCUSSION

As an initial matter, and per this Court's minute order of September 17, 2025, the parties intend to provide a status report on discovery to the Court by December 15, 2025. In short — and to put this request in context — we expect that all other fact discovery will be concluded by January 13, 2026. The parties will have taken over fifteen depositions (including two full days of Plaintiff's testimony), Plaintiff will have produced over 60,000 pages of documents, and Plaintiff will have completed a four-hour medical examination with Defendants' proposed psychiatric expert. Plaintiff does not seek an extension to any discovery other than taking this lone deposition within a week or two after the close of fact discovery.[1]

On October 27, 2025, Plaintiff served a subpoena on ▇▇▇▇▇▇▇ for testimony and documents. The subpoena was served on Rhett Millsaps, the attorney listed for ▇▇▇▇▇▇▇ in Defendants' initial disclosures; Mr. Millsaps is also Defendants' counsel. Mr. Millsaps declined to accept service for ▇▇▇▇▇▇▇, even though, as Plaintiff's counsel later learned, Mr. Millsaps was representing ▇▇▇▇▇▇▇ as his attorney *during the course of this litigation*. Mr. Millsaps instead directed Plaintiff's counsel to John Craig, an attorney at Allegaert Berger & Vogel LLP. Mr. Craig, however, declined to accept service unless Plaintiff agreed to narrow our document requests on ▇▇▇▇▇▇▇ to a scope that he found acceptable. We responded that we are open to negotiating the document demands but not with the threat that Mr. Craig will not even accept service if we do not agree to his position on documents. Finally, approximately three weeks later, on November 17, Mr. Craig relented and accepted service with no pre-conditions on the parties' forthcoming negotiation regarding the scope of the documents.

Upon accepting service, Mr. Craig then informed Plaintiff's counsel that ▇▇▇▇▇▇▇ would be unavailable on the subpoenaed date (December 16). Mr. Craig instead proposed December 2-6 and December 8 or 9. But these December dates were only two to three weeks from the date Mr. Craig accepted service and the parties had not yet begun negotiating documents. These early dates not only risked preventing Plaintiff from obtaining the documents requested from Mr. ▇▇▇▇▇▇▇ prior to his deposition, but they also conflicted with counsel's schedule in other cases and with depositions planned in this case.

Indeed, Plaintiff's concern about the delay in obtaining documents was well-founded, as Mr. Craig is still yet to even advise Plaintiff of the "hit count" for just eight search terms, which were provided to him on December 3 to help the parties assess burden of the document requests. (Obtaining a "hit count" is a simple and quick step that requires counsel to type terms into the "search" function of a party's records and see how many documents "hit" those search terms. In this case, we asked Mr. Craig to run the following terms: "Spencer," "Gans," "Trafficking," "lawsuit," "Schneider", "cult", "federal case", and "Sharon". We are still waiting for Mr. Craig to merely tell us how many "hits" each of these terms generated.)

---

[1] The parties have previously jointly requested enlargements to the discovery deadline, which the Court has granted.

The Honorable Vera Scanlon
December 9, 2025
Page 3

In light of the conflicts around the December dates, Plaintiff offered January 7, 9, and 12 as potential deposition dates.[2] But Mr. Craig informed Plaintiff, on December 2, that ███████ is unavailable from January 4 to 22. (Although Mr. Craig did offer Friday January 2 and Saturday January 3, neither of these dates are possible for Plaintiff's counsel due to family and travel obligations; indeed, Mr. Craig also stated that January 2 would conflict with his own family plans).

On December 5, 2025, Plaintiff's counsel wrote to Defendants' counsel, Mr. Millsaps, requesting a ten-day extension of the fact discovery deadline to allow time for the deposition to be taken. We also offered Mr. Millsaps the option to take the deposition of another non-party witness, Dr. Joseph Lux, whose deposition, at that time, had not yet been scheduled. Mr. Millsaps provided reasons (but no prejudice) for why this deposition should not proceed after January 13, and then offered to provide his consent but only on the condition that Plaintiff agree to appear for four more hours of deposition (on top of the fourteen hours he has already been deposed in this case).

Plaintiff declined to agree to *eighteen* total hours of deposition time merely to obtain Defendants' counsel's consent to a modest request for a non-party witness to be deposed on a date later in January that would accommodate that witness's January travel schedule.

Attached to this letter, as Exhibit 1 is a true and correct copy of the correspondence between Plaintiff's and Defendants' counsel concerning the scheduling of ███████'s deposition.

For all of the foregoing reasons, but specifically because this is a very modest request to extend fact discovery, because Defendants have not articulated any actual prejudice, because Mr. ███████ and defense counsel have – cumulatively – blacked out December 18-31 and January 4-22 where no deposition can occur, and because ███████'s attorney has no objection to Mr. ███████'s deposition proceeding after the January 13 deadline, Plaintiff respectfully contends there is good cause to grant Plaintiff leave to depose ███████ on either (i) January 23 (a date Mr. ███████'s counsel is in the process of trying to confirm with his client); or (ii) in the event January 23 is not workable for ███████, leave for the parties to select a mutually agreeable date in January to conduct ███████s deposition.

Respectfully submitted,

*Hugh S. Sandler*

Hugh Sandler

cc:     All Counsel of Record (via ECF);
        Counsel to ███████ (via email)

---

[2] December 18 through the end of December were not possible because Defendants' counsel was unavailable at any time during those fourteen days.

# EXHIBIT

# 1

**From:** Hugh Sandler
**Sent:** Monday, December 8, 2025 5:24 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>; Anna Skotko <anna@skotkolaw.com>; 'eposman@posmanlaw.com' <eposman@aol.com>
**Cc:** Elizabeth Geddes <liz@corvalaw.com>
**Subject:** RE: Discovery period

Rhett: We decline your offer. You do not have good cause, or any other basis in law, to obtain more than the fourteen hours of deposition time with Plaintiff that we have already agreed to, and which you have taken. Our request for ████████'s deposition, by contrast, merely seeks to accommodate the travel schedule (and document production obligations) of an out-of-state, non-party witness – one who you have represented during this litigation. Our request poses no prejudice to any party and it continues to surprise me that you refuse to consent to this modest request. I read your email to be clear that we are at impasse on this issue.

_____

**Hugh D. Sandler**
**Partner**
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

The above message is from an attorney and may be legally privileged or otherwise confidential.  If received in error, please delete immediately and notify sender.  Thank you.

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Sunday, December 7, 2025 9:20 PM
**To:** Hugh Sandler <hsandler@krantzberman.com>; Anna Skotko <anna@skotkolaw.com>; 'eposman@posmanlaw.com' <eposman@aol.com>
**Cc:** Elizabeth Geddes <liz@corvalaw.com>
**Subject:** Re: Discovery period

**[External Email]**

Hugh — Again, the situation with ████████ is entirely of Plaintiff's own making. Mr. Schneider has known for **three years**—from the outset of this case—that ████████ is a central witness, and Mr. Schneider also has known all along that ████████ is a more complex witness because of the attorney-client privilege issue that must be navigated regarding their prior relationship and communications. There is no excuse for Plaintiff's waiting until only two months of fact discovery remained (taking into account the holidays) to serve notice of a subpoena on ████████. Plaintiff first served notice of his subpoena to ████████ on October

27, and ████████'s attorney accepted service on November 17. It is not unusual for it to take 2-3 weeks to serve a deponent in the normal course, and given the Thanksgiving and year-end holidays it was entirely foreseeable that scheduling with ████████ might be difficult on such short notice. Despite ████████'s very busy travel schedule, we understand that he offered numerous dates this month for his deposition, all of which you rejected as "not ideal" for Plaintiff. Given Plaintiff's foot dragging with his subpoenas, he has hardly been in a position to reject all of the dates offered by ████████ this month because they were not "ideal" for Plaintiff.

Accordingly, we do not believe that there is good cause to extend the discovery schedule. Moreover, this case is frivolous and infringes Defendants' First Amendment rights every day that it drags on. Given the Court's recognition of Defendants' constitutional rights at issue and the need to weigh them alongside Plaintiff's rights, we believe that the Court will have no sympathy for Plaintiff's foot dragging with his subpoenas. And this is not the "usual" kind of civil case given the damage to Defendants' constitutional rights caused by the litigation and discovery itself.

Plaintiff also is in no position to lecture Defendants about being reasonable, given how Plaintiff has handled his own deposition. As I have said to you numerous times, I have never before had a plaintiff give me so much difficulty about the time needed for fair examination before we even began the deposition, nor have I ever had a plaintiff watch the clock and mechanically cut off his deposition at the seven-hour mark each day. This behavior is quite telling and is one of many ways in which Plaintiff has behaved like an intransigent corporate defendant in this case. The case law I have cited to you makes clear that our request for additional time with Plaintiff is reasonable and warranted given the scope of his claims over a decade, the statutory elements, the number of potential witnesses involved, the number of defendants involved, the constitutional issues involved, the volume of documents produced by Plaintiff, Plaintiff's voluminous communications with witnesses and publications and prolific media appearances about the subject matter in the last decade, and the increased importance of testimonial evidence in this case due to the nature of Plaintiff's claims and the fact that the many alleged events would have taken place 13-22 years ago.

All of that said, we make the following offer of compromise to avoid burdening the Court and the parties with motion practice on these issues:  Defendants will agree to a 10-day enlargement of the fact discovery schedule for the limited purpose of scheduling ████████'s deposition and additional deposition time with Plaintiff in that window. We will endeavor to finish Plaintiff's deposition in four more hours on the record, but without a minute-by-minute countdown and hard stop at four hours (e.g., if we get to 4 hours and still have an area left to cover, Plaintiff will be reasonable in allowing another half hour if necessary to finish).

Please let us know by close of business tomorrow (Monday) if this is agreeable, as Defendants will file a motion for more deposition time with Plaintiff if it is not. Defendants of course reserve all of their rights.

Best,
Rhett

Rhett Millsaps
LEX LUMINA | Managing Partner | 646.535.1137


**From:** Hugh Sandler <hsandler@krantzberman.com>
**Date:** Friday, December 5, 2025 at 12:44 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>, Anna Skotko
<anna@skotkolaw.com>, 'eposman@posmanlaw.com' <eposman@aol.com>
**Cc:** Elizabeth Geddes <liz@corvalaw.com>
**Subject:** Re: Discovery period

Rhett:

Because of ███████'s position on  documents, and document collection, the
December 9 date was not going to work for him. As you are also aware, ███████, who
was your client during the course of this litigation, played a drawn-out delay strategy
with us concerning even authorizing his attorney to merely accept service of the
subpoena.

What I am proposing here is an extra ten days to accommodate the schedule of an out
of state witness. Such a request is usually the kind of thing parties agree to and do not
require one side burdening the Court over. As I said below, you can use those extra ten
days to fit in Dr. Lux, or anyone else who you need, and so it is just a sensible extension
to take here. I am a little surprised that you are refusing this minor enlargement to the
discovery schedule.

Please let me know over the weekend if you change your position. But if not we will be
forced to seek this enlargement of the schedule from the Court. We will note your
objection in that correspondence.

**Hugh D. Sandler**
**Partner**
**Krantz & Berman LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

---

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Friday, December 5, 2025 3:05:48 PM

**To:** Hugh Sandler <hsandler@krantzberman.com>; Anna Skotko <anna@skotkolaw.com>; 'eposman@posmanlaw.com' <eposman@aol.com>
**Cc:** Elizabeth Geddes <liz@corvalaw.com>
**Subject:** Re: Discovery period

**[External Email]**

Hugh — On October 1, you wrote, "We believe the Court's view is that this 2022 case needs to move forward in the discovery time allotted. Plaintiff agrees." Judge Scanlon made clear that she will not grant any additional discovery extensions absent good cause. There is no good cause to extend the discovery schedule for this, and Defendants will not agree to such a request, as this is a situation entirely of Plaintiff's own making. The Court ruled on the parties' discovery motions on September 15, but Plaintiff waited six weeks, until October 27, to serve notice of his subpoena to ███████ We understand that weeks ago ███████'s counsel offered December 2-6 (in addition to December 8-9) for ███████'s deposition, but you rejected all of those dates. I also wrote to you this past Tuesday offering to reschedule Ms. Rosenberg's deposition set for next Tuesday to allow you to depose ███████ that day; you have not responded to my email.

I reiterate our offer to reschedule Ms. Rosenberg's deposition for another day before January 13 to allow ███████'s deposition to proceed on December 9—the date for which you originally noticed his deposition. I also note that Defendants are being far more accommodating on this than Plaintiff has been regarding his deposition, at which you counted the minutes and cut off each of his deposition days at exactly the seven-hour mark, and Plaintiff has refused to sit for any additional time so that he can be fairly examined about his claims. Again, I have never encountered such obstruction from a witness—let alone a plaintiff—which is unreasonable and improper for the reasons I have well laid out in prior emails.

Best,
Rhett


Rhett Millsaps
LEX LUMINA | Managing Partner | 646.535.1137


**From:** Hugh Sandler <hsandler@krantzberman.com>
**Date:** Friday, December 5, 2025 at 5:52 AM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>, Anna Skotko <anna@skotkolaw.com>, 'eposman@posmanlaw.com' <eposman@aol.com>
**Cc:** Elizabeth Geddes <liz@corvalaw.com>
**Subject:** Discovery period

Rhett,

Counsel for █████████ has represented his client is available for only one weekday in
the January discovery period. That one day doesn't work for us. We think the most
reasonable solution, rather than motion practice, is we jointly request the Court enlarge
the discovery period by about ten days to fit ████████ in. If you need that extra time to
depose Dr. Lux we won't oppose that. Let me know.

_____

**Hugh D. Sandler**
**Partner**
**Krantz & Berman LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com