

Larry H. Krantz
Marjorie E. Berman
Hugh D. Sandler
Jerrold L. Steigman

Ainsley C. Dowling

Lisa A. Cahill
Rebecca S. Campbell
*Of Counsel*

Writer's E-mail

hsandler@krantzberman.com

December 15, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Schneider v. OSG, LLC et al.*, 22-cv-7686-DG-VMS (E.D.N.Y.)

Dear Judge Scanlon,

This letter is jointly submitted by the parties in the above-referenced action.

On September 17, 2025, Your Honor ordered the parties to file "[a] joint letter as to the status of discovery" and advised the parties that "[g]iven the age of the case, the parties should not expect further extensions of discovery, absent good cause." (9/17/25 Dkt. Entry).

**Discovery Completed and Scheduled**

**Documents**

To date, Plaintiff has produced 64,209 pages of documents. The five Defendants have, collectively, produced 2,536 pages of documents. Several small non-party productions have also been produced.

**Depositions**

To date, eleven depositions have been completed, including depositions of all parties. Each Defendant has been deposed for one day; Plaintiff has been deposed for two days.

Four more depositions, three noticed by Plaintiff and one noticed by Defendants, are presently scheduled to take place between January 7-13.

On December 5, Plaintiff amended his witness list to add one witness. At the time of adding this witness, Plaintiff offered January 9 or January 12 as potential deposition dates for her. Because both dates had been included among dates offered to other witnesses, Defendants did not accept those dates. Defendants are also moving to preclude this witness in a forthcoming motion, as referenced below. Unless that motion is granted, the parties will work together to find a date to depose this witness.

The date for the deposition by Plaintiff of a sixth witness is the subject of motion practice (ECF Nos. 128 & 128-1).

**Other Discovery**

Defendants noticed a Rule 35 examination and represented that its expert needs approximately four hours to examine Plaintiff. Plaintiff does not object to a four-hour examination and will appear at the Defendants' proposed psychiatric expert's office for that examination on December 16.

Plaintiff is presently weighing conducting a site inspection. Defendants held classes at two Manhattan locations from December 19, 2003, to January 10, 2013. To the extent a site inspection is pursued, Plaintiff will serve the necessary notice/subpoena.

**Plaintiff's Position on Outstanding Matters**

1. As stated during the December 10 deposition of the Rule 30(b)(6) witness for Defendant OSG, LLC, Plaintiff objects to the scope of Defendants' assertion of their First Amendment right. Plaintiff contends the right is being asserted in an overbroad manner. As the Court directed on December 10, Plaintiff made a record of Defendants' refusals to answer certain questions. Upon receiving the December 10 deposition transcript, Plaintiff will assess whether motion practice is merited to obtain responses to the deposition questions that Defendants refused to answer on First Amendment grounds.

2. Plaintiff has moved to obtain a date beyond January 13 to depose a non-party witness, who is described in the pleadings of the Complaint. Plaintiff submits that good cause exists for this request as set forth in Plaintiff's letter motion. ECF No. 128. Plaintiff notes here that Plaintiff is having additional trouble getting responses from this non-party witness's counsel concerning negotiating the scope of document demands. Plaintiff continues to attempt to coordinate with this non-party witness's counsel in good faith, but, if the failure to move forward on documents persists, Plaintiff notes that he may pursue motion practice on the documents.

3. Earlier this year, Plaintiff subpoenaed Abraham Weiss, the accountant for Defendant OSG, LLC. Defendants moved to quash the subpoena; Plaintiff opposed. The Court denied Defendants' motion to quash. At that point, Defendants' counsel contacted Mr. Weiss to collect documents from him and then produced OSG's tax returns for 2004-12 to Plaintiff. Plaintiff is continuing to investigate whether there remain additional records that Mr. Weiss must produce under the subpoena. To the extent there are additional records that Mr. Weiss refuses to provide, Plaintiff may bring motion practice against Mr. Weiss.

**Defendants' Position on Outstanding Matters**

1. Defendants are filing a motion under Rule 30(d)(1) by tomorrow to compel Plaintiff to appear for additional deposition time.

2. Defendants also are filing a motion by tomorrow to exclude a witness whom Plaintiff added to his witness list on December 5, seven weeks after Plaintiff was deposed. This witness was not included on the witness list that Plaintiff served on October 14 pursuant to a September 15, 2025, Order by the Court. ECF No. 116.

3. Plaintiff objected to Defendants' request for production of his calendar entries for the relevant discovery period (December 19, 2003, to January 10, 2013) (the "Relevant Period") but agreed to produce his calendars for 2008-2013 to avoid a motion over it earlier this year. Defendants reserved the right to move to compel Plaintiff's calendar entries for the earlier years and intend to do so if the parties are unable to reach an agreement about it this week.

4. Plaintiff objected to Defendants' request for production of his tax returns for the Relevant Period and two years following his departure from Defendants' spiritual organization. Defendants will endeavor to reach agreement about this with Plaintiff this week but intend to file a motion to compel on this if the parties are unable to do so.

5. As stated during the December 9 deposition of one of Plaintiff's non-party witnesses who is represented by Plaintiff's counsel, Defendants reserved their rights regarding highly relevant and responsive documents that the witness failed to produce prior to or at her deposition. Defendants understand that the witness agreed to search for and produce those documents after her deposition but has not yet done so. Defendants reserve their rights to move to compel their production if necessary and to move to compel the witness to appear again for deposition if the belated production of those documents warrants it to fairly examine the witness.

6. Another of Plaintiff's non-party witnesses, who also is represented by Plaintiff's counsel, brought numerous original, hand-written notebooks responsive to Defendants' requests to her deposition on November 21. She did not produce, and apparently did not make, copies of the notebooks prior to her deposition. Plaintiff's (and her) counsel agreed to provide scanned copies of the notebooks following the deposition for use as exhibits in this case going forward. On December 2, Plaintiff's counsel notified defense counsel that she spilled coffee on the notebooks halfway through scanning them, and that the coffee affected the quality of one of the notebooks in particular. Defendants received the scanned copies of the notebooks on December 9. Defendants are in the process of analyzing those documents and determining whether they will make a motion for spoliation sanctions.

Respectfully submitted,

_____
Hugh Sandler
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
hsandler@krantzberman.com

Elizabeth Geddes
CORVA LAW LLP
110 West 40th St., Ste. 1003
New York, New York 10018
liz@corvalaw.com

*Attorneys for Plaintiff*

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II
Rebecca Tushnet
LEX LUMINA LLP
745 Fifth Avenue
New York, NY 10151
(646) 898-2055
rhett@lex-lumina.com
rtushnet@lex-lumina.com

Anna M. Skotko
SKOTKO LAW PLLC
29 Broadway, Floor 31
New York, NY 10006
(646) 396-5251
anna@skotkolaw.com

*Attorneys for Defendants*

Eva H. Posman
570 Lexington Av., Ste 1600
New York, NY 10022
(212) 661-9191
eposman@aol.com

*Co-counsel for OSG, LLC and Lorraine Imlay and Minerva Taylor in their capacities as fiduciaries of the Estate of Sharon Gans Horn*