# Lex Lumina LLP

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

December 17, 2025

**VIA ECF**

The Honorable Vera M. Scanlon
United States District Court, Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, NY  11201

      Re:    *Schneider v. OSG, LLC, et al.*, 22-cv-7686-DG-VMS; Opposition to Plaintiff's Motion for Discovery Extension

Dear Judge Scanlon:

      Defendants respectfully submit this opposition to Plaintiff Spencer Schneider's December 9, 2025, letter motion requesting a third extension of the fact discovery deadline set by the Court to conduct the deposition of non-party witness [Redacted] after the close of fact discovery on January 13, 2026 (the "Motion"). ECF No. 128. This issue is entirely one of Schneider's own making despite the Court's admonition in a September 17, 2025, Order that "[g]iven the age of the case, the parties should not expect further extensions of discovery, absent good cause." ECF No. 117. Schneider's delay is particularly egregious, as allegations involving [Redacted] ("Student #2") appear throughout his own verified complaint. Schneider knew from the moment he filed his lawsuit in 2022 (and presumably well before) that his allegations made [Redacted] a material witness. Schneider has no good cause for his extension request, and the Court should not reward his pattern of discovery sandbagging.[1]

### Background

      Schneider filed his verified complaint three years ago, on December 16, 2022. ECF No. 1. On May 22, 2023, the Court ordered the discovery schedule submitted by the parties, with a fact discovery deadline set for October 27, 2023. ECF No. 23. In September 2023, the Court granted Defendants' motion to stay all discovery pending resolution of Defendants' motion to dismiss and quashed six subpoenas that Schneider had served, including four on non-party OSG members (but not [Redacted]

---

[1] Yesterday, Defendants filed a motion to exclude a witness whom Schneider removed from his witness list served on October 14, 2025, which he then purported to amend to add back that witness on December 5, weeks after Schneider's deposition was completed, in contravention of the Court's September 15 Order requiring Schneider to eliminate from his list witnesses whom he did not intend to rely on by October 15. ECF No. 133. Additionally, Schneider waited until December 3—just over a month before fact discovery closes—to serve notice of deposition subpoenas to three of Defendants' witnesses. Schneider noticed those depositions for the last week of fact discovery in January. Despite the late notice, Defendants and those witnesses have agreed to dates for those depositions to take place during that week.

745 Fifth Avenue, Suite 500 | New York, New York 10151

[Redacted]). ECF No. 38. After lifting the discovery stay in October 2024 (ECF No. 70), on November 26, 2024, the Court ordered the new discovery schedule submitted by the parties, with a new fact discovery deadline set for June 9, 2025. ECF No. 71. On May 12, 2025, the Court granted the parties' first joint motion for an extension of all discovery deadlines, with a new fact discovery deadline of September 15, 2025.

Schneider waited months to serve any subpoenas, when on July 15, 2025, he served notice of deposition subpoenas for just two non-party witnesses: (i) the caretaker of the Montana ranch where OSG members went for summer retreats (the "Caretaker") and (ii) a former OSG member who left the group 25 years ago, around 2000 (the "Former Member")—but not [Redacted]. On August 25, 2025, the Court granted the parties' joint request for a second extension of all discovery deadlines and ordered the current schedule, which set the close of fact discovery for January 13, 2026. ECF No. 115. The Caretaker was deposed in Montana on September 18. The Former Member moved to quash his subpoena, and Schneider withdrew that subpoena on November 10, 2025, following this Court's denial of Schneider's motion for reconsideration of the Court's September 15, 2025, Order limiting the period for discovery. *Id.* Inexplicably, Schneider failed to serve notice of any other non-party deposition subpoenas until *five and a half months* after the Court's May 12 Order granting a first discovery extension.

On September 17, the Court issued an Order admonishing the parties that there would be no further discovery extensions "absent good cause." ECF No. 117. Despite this Order, Schneider did not serve notice of any additional deposition subpoenas until six weeks later, when he served notice of a subpoena to [Redacted] on October 27—a little more than two months before the close of a twice-extended, 14-month fact discovery window, with the Thanksgiving and year-end holidays fast approaching. Declaration of Rhett O. Millsaps II dated December 17, 2025, ("Millsaps Decl.") ¶ 2, Ex. 1. Schneider waited until this late hour to issue a subpoena to [Redacted] despite having made him a material witness in this case in his own verified complaint; despite knowing that the scope of document requests would be more complicated given Schneider's role as his lawyer during the relevant period; and despite knowing that scheduling [Redacted]'s deposition would be more challenging, given that he resides in [Redacted], typically has a very busy travel and work schedule, the year-end holidays were approaching, and many available dates had been offered to other witnesses. *See id.* ¶ 3, Ex. 2 at 5.

Nevertheless, [Redacted] offered *nine dates* for his deposition in December and January, all of which Schneider rejected. Motion at 2-3; Millsaps Decl. ¶ 3, Ex. 2 at 1-2. Tellingly, in his Motion, Schneider failed to disclose to the Court that Schneider *withdrew* his October 27 subpoena to [Redacted] and served a new subpoena on [Redacted] on November 13 that added an additional document demand and changed the noticed compliance dates. Millsaps Decl. ¶ 3, Ex. 2 at 3-4. While Schneider complains that [Redacted]'s counsel[2] attempted to negotiate the scope of the requests for

---

[2] The undersigned represented [Redacted] in connection with this case until Schneider served notice of the subpoena to [Redacted] on October 27, at which point [Redacted] informed the undersigned that he would be retaining new counsel to represent him in connection with Schneider's subpoena. The undersigned provided Schneider's counsel with the information for [Redacted]'s newly engaged counsel two days later, on October 29, and has not represented [Redacted] in connection with this matter since that time. Millsaps Decl. ¶ 4, Ex. 3.

production in Schneider's subpoena before accepting service, the email correspondence between Schneider's counsel and Redacted's counsel shows the reasonableness of Redacted's position given how grossly overbroad Schneider's requests for production were. *Id.* at 5-7.

### Argument

Schneider cannot show good cause for a third extension of the fact discovery deadline ordered by the Court. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); ECF No. 117 (This Court: "Given the age of the case, the parties should not expect further extensions of discovery, absent good cause."). Whether "good cause exists turns on the diligence of the moving party." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024)

Schneider's obvious lack of diligence in pursuing discovery from Redacted does not meet this standard. Schneider "had all the information necessary" to know whether he needed to depose Redacted years ago when he filed his verified complaint based in part on material allegations regarding his business relationship with Redacted ("Student #2"). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (affirming district court's denial of leave to amend because the plaintiff had "not demonstrated cause for his failure to comply with the Court's deadline"); Compl. ¶¶ 82, 126-27, 167, 170; *see* Motion at 1. Schneider has not even attempted to explain, and no good cause explanation exists for, why he issued subpoenas to two ancillary witnesses on July 15 but waited until October 27 to first issue notice of a subpoena to Redacted. *See* Motion. Although the parties had agreed to put off their depositions until the Court ruled on Defendants' motion to limit the discovery period, that motion did not materially affect Redacted's deposition, as it was clear from Schneider's complaint that his allegations about Redacted fell within the undisputed relevant period for discovery.

Moreover, Schneider complains that he has encountered a "delay in obtaining documents" from Redacted. Motion at 2. But Schneider failed to disclose to the Court that he withdrew his October 27 subpoena and served a new subpoena with an additional document demand on November 13. Millsaps Decl. ¶ 3, Ex. 2 at 3-4. Schneider has not provided any reasonable basis for waiting weeks to withdraw and amend his subpoena. Schneider's lack of diligence in pursuing deposition testimony and documents from Redacted at any point earlier in discovery, which resumed in November 2024, undermines his claim that "Redacted's testimony is important in this matter." Motion at 1.

Finally, the Court also should deny Schneider's Motion because he has once again demonstrated a blatant disregard for the rules and orders of the Court. As an initial matter, the Court should deny the Motion because it does not comply with this Court's Individual Practice Rules. Section II(b) of Your Honor's Individual Practice Rules requires that all requests for extensions of time state, *inter alia*, "[t]he number of previous requests for adjournment or extension, and whether these previous requests were granted or denied" and "[a]t least three suggested adjournment dates that suit all parties…" Individual Practice Rules II(b)(2) and (b)(5). Schneider's Motion does not state the number of previous requests for extension of the discovery deadlines granted by the Court, which put into context Schneider's inexcusable foot-dragging in discovery. Nor does Schneider's Motion state any suggested dates for Redacted's deposition that "suit all parties" after the close of fact discovery on January 13. *See* Motion at 3.

Furthermore, Schneider's Motion, as originally filed, also violated the Protective Order entered by the Court. ECF Nos. 76-77. Defendants previously designated the names of OSG's members (including Redacted) as confidential under the Protective Order. Schneider violated the Protective Order by first publicly filing his Motion without redacting Redacted's name and without obtaining Defendants' consent or an order of the Court to de-designate Redacted's name for public filing. After a lengthy meet and confer about this, Schneider's counsel filed a request to seal the public, unredacted filing, which the Court granted. ECF Nos. 129-30. Whether this was intentional or inadvertent, it is in keeping with Schneider's "willing[ness] to disseminate information about OSG to the public, either by speaking with the press or through the publication of his memoir or of blog posts, which has already had a negative reputational effect on OSG." *Schneider v. OSG, LLC*, 22 Civ. 7686 (DG) (VMS), 2025 WL 2647245, at *2 (E.D.N.Y. Sept. 15, 2025) (Scanlon, J.) (record citations omitted).

### Conclusion

Defendants are ready to move forward with their motions for summary judgment and Rule 11 sanctions (as noticed over two years ago) based on Schneider's extensive prior admissions and the testimony taken from his own witnesses, which demonstrate that his claims have always been knowingly false. In their depositions, three of Schneider's own witnesses who were his classmates during the relevant discovery period already have put the lie to Schneider's claims in this case, which is an insult to actual victims of trafficking and forced labor. *See* ECF No. 133 at 2 n.2; ECF Nos. 133-6, 133-7, 133-8. The Court should not allow Schneider to further waste the time and resources of Defendants and OSG's non-party members like Redacted by further prolonging this charade, which already has had a substantial chilling effect on Defendants' and OSG's members' First Amendment rights. *See Schneider*, 2025 WL 2647245 at *2; *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)).

For the foregoing reasons, Defendants respectfully request that the Court deny the Motion.

Respectfully submitted,

/s/ *Rhett O. Millsaps II*
Rebecca Tushnet

Anna M. Skotko
Skotko Law PLLC

*Counsel for Defendants*

Eva H. Posman
Law Office of Eva H. Posman

*Co-Counsel for Defendants OSG and the Estate*

cc: All Counsel of Record (via ECF)