# Exhibit 1

| | |
|---|---|
| **Subject:** | Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; subpoena |
| **Date:** | Monday, October 27, 2025 at 3:17:04 PM Pacific Daylight Time |
| **From:** | Hugh Sandler <hsandler@krantzberman.com> |
| **To:** | Rhett O. Millsaps II <rhett@lex-lumina.com>, liz@corvalaw.com <liz@corvalaw.com> |
| **CC:** | Anna Skotko <anna@skotkolaw.com>, eposman@posmanlaw.com <eposman@aol.com>, Rebecca Tushnet <rtushnet@lex-lumina.com> |
| **Attachments:** | Subpoena (Redacted).pdf |

Rhett: please see attached subpoena. Please confirm that you will accept service for Redacted. Please also let us know whether you represent him in this matter.

_____

**Hugh D. Sandler**
**Partner**
**KRANTZ & BERMAN LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

The above message is from an attorney and may be legally privileged or otherwise confidential. If received in error, please delete immediately and notify sender. Thank you.

---

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Friday, October 24, 2025 6:53 PM
**To:** Hugh Sandler <hsandler@krantzberman.com>; liz@corvalaw.com
**Cc:** Anna Skotko <anna@skotkolaw.com>; eposman@posmanlaw.com <eposman@aol.com>; Rebecca Tushnet <rtushnet@lex-lumina.com>
**Subject:** Re: Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; notices of subpoenas

**[External Email]**

Hugh — Please see the attached notice and subpoena. Please confirm that you will accept service for Redacted. Please also let us know whether you and/or Liz represent her in this matter.

Best,
Rhett


Rhett Millsaps
**LEX LUMINA** | Managing Partner | 646.535.1137

**From:** Hugh Sandler <hsandler@krantzberman.com>
**Date:** Friday, October 24, 2025 at 7:44 AM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>, liz@corvalaw.com <liz@corvalaw.com>
**Cc:** Anna Skotko <anna@skotkolaw.com>, eposman@posmanlaw.com <eposman@aol.com>, Rebecca Tushnet <rtushnet@lex-lumina.com>
**Subject:** RE: Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; notices of subpoenas

Rhett: We are authorized to accept service for Redacted. We are not authorized to accept service for Redacted or Redacted.

_____

**Hugh D. Sandler**
**Partner**
**Krantz & Berman LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

The above message is from an attorney and may be legally privileged or otherwise confidential. If received in error, please delete immediately and notify sender. Thank you.

---

**From:** Hugh Sandler
**Sent:** Thursday, October 23, 2025 2:32 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>; liz@corvalaw.com
**Cc:** Anna Skotko <anna@skotkolaw.com>; eposman@posmanlaw.com <eposman@aol.com>; Rebecca Tushnet <rtushnet@lex-lumina.com>
**Subject:** RE: Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; notices of subpoenas

Rhett, We accept service for Redacted but are not authorized to accept service for the others, nor do we have contact information beyond what we have previously provided. If we receive new information we will supplement.

_____

**Hugh D. Sandler**
**Partner**
**Krantz & Berman LLP**
747 Third Avenue, 32nd Fl.
New York, NY 10017
Direct: (646) 943-6112
Main: (212) 661-0009 | Fax: (212) 355-5009
Web Bio | hsandler@krantzberman.com
www.krantzberman.com

The above message is from an attorney and may be legally privileged or otherwise confidential. If received in error, please delete immediately and notify sender. Thank you.

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Thursday, October 23, 2025 2:03 PM
**To:** liz@corvalaw.com; Hugh Sandler <hsandler@krantzberman.com>
**Cc:** Anna Skotko <anna@skotkolaw.com>; eposman@posmanlaw.com <eposman@aol.com>; Rebecca Tushnet <rtushnet@lex-lumina.com>
**Subject:** Re: Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; notices of subpoenas
**Importance:** High

**[External Email]**

Hugh and Liz — We assume that you will accept service of the subpoena to [Redacted] given that you updated Plaintiff's initial disclosures to list yourselves as the contact for this purpose. Please confirm this is the case. And please let us know if you are authorized to accept service for [Redacted] who are listed on Plaintiff's witness list served on October 14, but Plaintiff has not provided addresses where we can serve them. We have been unable to reach them at the phone numbers provided (as noted in my email below).

Best,
Rhett

Rhett Millsaps
LEX LUMINA | Managing Partner | 646.535.1137

---

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Date:** Monday, October 20, 2025 at 7:01 PM
**To:** liz@corvalaw.com <liz@corvalaw.com>, Hugh Sandler <hsandler@krantzberman.com>
**Cc:** Anna Skotko <anna@skotkolaw.com>, eposman@posmanlaw.com <eposman@aol.com>, Rebecca Tushnet <rtushnet@lex-lumina.com>
**Subject:** Schneider v. OSG, LLC, 22-cv-7686-DG-VMS; notices of subpoenas

Dear Counsel,

Please see the attached notices and subpoenas. Please confirm that you will accept service of the subpoena to [Redacted]. Please also advise whether you represent him in connection with the subpoena.

We've also addressed [Redacted]'s subpoena to Liz's firm. The only contact

information provided for him on Mr. Schneider's Third Amended Initial Disclosures is a phone number. We have tried for months to reach him at that number to no avail. Please let us know if you are authorized to accept service of this subpoena on behalf of Redacted. If you are not, please provide an address where we can serve him. If we cannot depose Redacted because Redacted will not respond to us and Mr. Schneider cannot or will not provide an address where we can serve him, then Defendants of course will move to exclude any evidence from Redacted offered by Mr. Schneider on summary judgment and/or at trial.

We also have unsuccessfully attempted to contact Redacted and Redacted using the phone numbers provided for them by Mr. Schneider. Please either promptly obtain and provide their addresses so that we can serve them with subpoenas or let us know if you obtain authorization to accept service on their behalf. As with Redacted, Defendants will move to exclude them as witnesses if we are unable to depose them.

Best,
Rhett


Rhett O. Millsaps II
Managing Partner
LEX LUMINA LLP
745 Fifth Avenue
Suite 500
New York, NY  10151
rhett@lex-lumina.com

646 535 1137 (direct dial)
646 906 8657 (facsimile)

==
This message and any attached documents contain information from a law office that is confidential and may be privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this message in error, please delete it and notify the sender immediately by separate e-mail. Thank you. May all beings everywhere be happy and free.

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

Spencer Lee Schneider )
*Plaintiff* )
v. ) Civil Action No. 22-cv-7686
OSG, LLC D/B/A Odyssey Study Group, Minerva )
Taylor, Lorraine Imlay (both individually and as )
Executors of Estate of Sharon Gans Horn) )
and Gregory Koch )
*Defendants* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Redacted c/o Rhett Millsaps Lex Lumina LLP 745 Fifth Avenue Fifth Av. Ste 500; rhett@lex-lumina.com

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Krantz & Berman LLP<br>747 Third Avenue, 32nd Floor<br>New York, NY 10017 | Date and Time:<br>12/09/2025 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographic and Videographic methods

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

For documents dated Dec. 19, 2003 to the present: (1) documents that refer to Spencer Schneider and/or this Action; (2) communications with Sharon Gans Horn; (3) communications with Lorraine Imlay; (4) communications with Minerva Taylor; (5) communications with Gregory Koch;

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/27/2025

CLERK OF COURT
OR
_____  _____
Signature of Clerk or Deputy Clerk   Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Spencer Schneider , who issues or requests this subpoena, are:
Hugh Sandler; Krantz & Berman 747 Third Av, 32nd Fl. NY, NY 10017; hsandler@krantzberman.com; (646)943-6112

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-cv-7686

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

**Definitions**

The term "Action" refers to the action *Schneider v. OSG, LLC et al.*, 22-cv-7686-DG-VMS currently pending in the U.S. District Court for the Eastern District of New York as well as the allegations pleaded in the Action's Verified Complaint and the allegations pleaded in Defendants' Answer to the Verified Complaint.

The term "communications" means any transmission of information orally, by documents, or by any other medium, including but not limited to any of the following: conversations, discussions, interviews, meetings, and conferences whether in person, by telephone, or by some other medium, as well as any non-oral transmission of information, including but not limited to the sharing of information through the medium of "documents" as that term is defined below.

The term "documents" has the same meaning and scope as that term has under Federal Rule of Civil Procedure 34(a), and shall be given its broadest possible meaning, and shall include, without limitation, all writings, images, calendar entries, presentations, spreadsheets, emails, text messages, instant messages, electronically stored information, audio or video recordings, software, computer disks or diskettes, hard drives, software, and the written or digital information necessary to understand and use such materials.