# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. RICHARD G. LATIN | PART | 46M |
|---|---|---|---|
| | *Justice* | | |

-------------------------------------------------------------------X
OSG, LLC

                         Plaintiff,

                  - v -

SPENCER LEE SCHNEIDER,

                         Defendant.

-------------------------------------------------------------------X

| INDEX NO. | 155983/2023 |
|---|---|
| MOTION DATE | 06/24/2024 |
| MOTION SEQ. NO. | 002 & 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for                    DISMISS              .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 59, 60, 61, 62, 63, 64

were read on this motion to/for        SUPPLEMENT THE RECORD       .

In this defamation action, defendant Spencer Lee Schneider (Schneider) moves to dismiss the amended complaint of plaintiff OSG, LLC (OSG) pursuant to CPLR 3211 (motion sequence number 002), and OSG moves separately for leave to supplement the record pursuant to CPLR 2214 (c) (motion sequence number 003). For the following reasons, the first motion is granted, the second motion is denied, and this action is dismissed.

## BACKGROUND

OSG is a New York limited liability company engaged in the business of teaching and promoting a program of spiritual practices which it developed (*see* NYSCEF document 14 (amended complaint), ¶¶ 2, 6-19). Schneider is alleged to have been a member of OSG from 1989 through 2012, after which he fell out with the organization (*id*., ¶¶ 20-24). The acts that gave rise

155983/2023   OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 1 of 18

1 of 18

to this matter are Schneider's publication of a book entitled "Manhattan Cult Story: My Unbelievable True Story of Sex, Crimes, Chaos, and Survival" (hereinafter "Manhattan Cult Story") on July 5, 2022, and his "active promotion of the book in numerous live events, media interviews, and other publications" during the following year (*id*., ¶¶ 26-27).

OSG initially commenced this action on July 5, 2023, but later filed an amended complaint on September 18, 2023 which sets forth one cause of action for defamation *per se* (*see* NYSCEF documents 1, 14). Schneider has not yet filed an answer but instead submitted the instant motion to dismiss pursuant to CPLR 3211 on October 18, 2023 (*id*., NYSCEF documents 16-36). With the filing of OSG's opposition to the motion, Schneider's reply and both parties' supplemental letter briefs, this matter is now fully submitted (motion sequence number 002) (*id*., NYSCEF documents 39-57).

## DISCUSSION

Schneider makes this motion to dismiss the amended complaint pursuant to three provisions of CPLR 3211. The first branch of his motion seeks dismissal, pursuant to CPLR 3211 (a) (5), of the portion of OSG's defamation claim that is based on the publication of "Manhattan Cult Story" in book and audio CD formats. Schneider specifically argues that "the bulk of plaintiff's claim for defamation is time barred" by operation of New York's "single publication" rule. *See* NYSCEF document 36, at 9-12. OSG responds that its "defamation per se claim is timely under the well-settled exception to the single publication rule" (*id*., NYSCEF document 39 at 4-8). Schneider's reply papers largely repeat his original argument (*id*., NYSCEF document 54 at 11-13). After careful consideration, the court finds for Schneider.

Under CPLR 215(3), causes of action for defamation *per se* are subject to a one-year statute of limitations that starts to run on the date of "publication" of the allegedly defamatory statements

155983/2023   OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 2 of 18

2 of 18

(*see e.g.*, *Biaggi v O'Flynn*, 216 AD3d 484, 484-485 [1st Dept 2023]). In *Martin v Daily News L.P.*, the Appellate Division, First Department, discussed the "single publication rule" and its exception:

> Under the 'single publication rule,' the publication of a defamatory statement in a single issue of a newspaper or magazine, although widely circulated and distributed, constitutes one publication, which gives rise to one cause of action, and the statute of limitations runs from the date of that publication . . ., so continuous access to an article posted via hyperlinks to a website is not a republication. However, this case does not involve continuous access on a website; the columns were missing from the Daily News website for three years.
>
> An exception to the single publication rule has been applied when the following factors are present: 'the subsequent publication is intended to and actually reaches a new audience,' 'the second publication is made on an occasion distinct from the initial one,' 'the republished statement has been modified in form or in content,' and 'the defendant has control over the decision to republish.' Thus, for example, repetition of a defamatory statement in a later edition of a book, magazine or newspaper may give rise to a new cause of action

(121 AD3d 90, 103-104 [1st Dept 2014](internal citations omitted); *see also Hoesten v Best*, 34 AD3d 143 [1st Dept 2006]). The Court of Appeals had previously discussed the exception to the "single publication rule" in *Firth v State of New York*, wherein it held that:

> Republication, retriggering the period of limitations, occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely 'a delayed circulation of the original edition' (*Rinaldi v Viking Penguin*, 52 NY2d at 435; Restatement [Second] of Torts § 577A, Comment d, at 210, *supra*). The justification for this exception to the single publication rule is that the subsequent publication is intended to and actually reaches a new audience (*see Rinaldi*, 52 NY2d at 433 [citing *Cook v Conners*, 215 NY 175 (1915)]; Restatement, Comment d). Thus, for example, repetition of a defamatory statement in a later edition of a book, magazine or newspaper *may give rise* to a new cause of action (*see Rinaldi*, 52 NY2d at 433-435 [hard-cover and paperback editions of the same book]; *see also Cook v Conners*, 215 NY at 179 [morning and afternoon editions of newspapers owned and published by the same individual])

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 3 of 18

3 of 18

(98 NY2d 365, 371 [2002])(emphasis added)).

Here, the amended complaint alleges that the official publication date of Schneider's book was July 5, 2022. *See* NYSCEF document 14, ¶ 29. The summons that accompanied OSG's original complaint was dated July 5, 2023 (*id.*, NYSCEF document 1). Thus, it is evident from the pleadings that, at the earliest, OSG commenced this action one day after the one-year statute of limitations period for defamation claims had elapsed. This renders its claim untimely.

The court further notes that, regardless of dates indicated in the pleadings, appellate caselaw has long recognized that a book's "publication date" for the purposes of a defamation claim is defined as the date on which it was "placed on sale or became generally available to the public," and that this differs from the term "publication date" that is used in the publishing industry to refer to a time substantially *after* the material has been shipped to bookstores and sales are already under way, and when publicity events begin (*see e.g.*, *Love v Morrow & Co.*, 193 AD2d 586 [2d Dept 1993]; *Sullivan v Simon & Schuster*, 234 AD2d 58 [1st Dept 1996]; *see also Rothlein v Norton & Co.*, 185 Misc 2d 66, 712 [Sup Ct, NY County 2000]). That being so, it would thus appear that the legally operative "publication date" of Schneider's allegedly defamatory material fell *before* the July 5, 2022 industry "publication date" of his book that is set forth in the amended complaint.[1] This too would render the defamation claim that OSG filed on July 5, 2022 untimely.

Finally, to the extent that the amended complaint is unclear as to what difference (if any) there is between the legally operative "publication date" of OSG's defamation claim and the official industry "publication date" of Schneider's book, appellate caselaw has held that a plaintiff's failure to plead such publication dates with sufficient particularity will justify a court's

---

[1] Schneider himself avers that he personally observed copies of "Manhattan Cult Story" in both book and audio format being sold in stores in early 2022. *See* NYSCEF document 4.

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 4 of 18

4 of 18

decision to dismiss a defamation claim (*see e.g., Trump Vil. Section 4, Inc. v Bezvoleva*, 161 AD3d 916 [1st Dept 2018]). The court thus concludes that OSG's defamation claim is subject to dismissal under CPLR 215(3) and 3211(a)(5) for any or all of the foregoing reasons.

OSG nevertheless argues that the exception to the "single publication rule" applies here to save its claim because Schneider "republished or caused to be republished" his book in audio CD format on August 9, 2022 (*see* NYSCEF document 14, ¶ 29). OSG specifically contends that "Schneider or his publisher, at Schneider's direction, . . . made a 'conscious and deliberate decision to prepare and distribute' the Book in a different form (audio CD) intended to reach a new audience (those who would listen to the Book on audio CD rather than reading it or listening through Audible) on an occasion distinct from the initial publication" (*id.*, NYSCEF document 40 at 7). Schneider responds that "even if plaintiff could create a distinction between audio versions of the memoir (which it has not), plaintiff falls well short of demonstrating a republication, as a matter of law" (*see* NYSCEF document 39, at 12-13). The court agrees.

In the first place, the amended complaint alleges that the official "publication date" of Schneider's book in in audio CD format was August 9, 2022 (*see* NYSCEF document 14, ¶ 29). However, as just discussed, the term "publication date" for the purposes of a defamation claim is the date on which material is first "placed on sale or became generally available to the public," while the industry term "publication date" refers to a time substantially *after* the material has been shipped to bookstores and sales are already under way, and when publicity events begin (*see e.g.*, *Love v Morrow & Co.*, 193 AD2d 586; *Sullivan v Simon & Schuster*, 234 AD2d 58). Thus, without further detail, the amended complaint's mere recitation of an August 9, 2022 "publication date" is

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No.  002

Page 5 of 18

5 of 18

insufficient to bring a defamation claim based on the audio CD edition of Schneider's book within the statute of limitations.[2]

In the second place, OSG's argument that the release of Schneider's book in audio CD format approximately one month after its release in hardcover automatically constitutes a "separate republication" misreads New York law. It is true that the Court of Appeals held that, where an original hardcover edition of a book contains defamatory statements and those statements are repeated if and when a paperback edition of the book is subsequently released, that later release *may* constitute a "republication" which gives rise to a new cause of action for defamation (*see Rinaldi v Viking Penguin*, 52 NY2d 422, 432-435 (1981). However, this is not a bright line rule. The Court also held that "a delayed circulation of the original edition" of a book does *not* constitute a "republication" for defamation purposes (*id*., 52 NY2d at 435). The Court further recognized that "neither the time nor the circumstance in which a copy of a book or other publication finds its way to a particular consumer is, in and of itself, to militate against the operation of the unitary, integrated publication concept" of the single publication rule (*id*., 52 NY2d at 433). This is because "a multiple publication rule [sic] would implicate an even greater potential for endless retriggering of the statute of limitations, multiplicity of suits and harassment of defendants" a result which would be contrary to the intent of New York law (*Firth v State of New York*, 98 NY2d at 370). For this reason, subsequent appellate precedent holds that invoking the exception to the "single publication rule" requires that several factors be found present in order to establish that the release of a new edition of a book actually constitutes a "republication" for defamation purposes. As noted, these include whether the subsequent publication is intended to and actually reaches a new

---

[2] The court again notes that Schneider averred that he observed copies of "Manhattan Cult Story" being offered for sale in bookstores in both book and audio format in early 2022, and further notes that OSG's opposition failed to address this assertion. *See* NYSCEF document 4.

**155983/2023 OSG, LLC vs. SCHNEIDER, SPENCER LEE**
**Motion No. 002**

Page 6 of 18

audience, whether the second publication is made on an occasion distinct from the initial one, whether the republished statement has been modified in form or in content, and whether the defendant has control over the decision to republish (*see Martin v Daily News L.P.*, 121 AD3d at 103-104).

In the court's judgment, OSG's amended complaint does not adequately allege the existence of two of those factors. First, it avers that the print version of Schneider's book was released on July 5, 2022 and the audio CD version of the book was released approximately one month later on August 9, 2022 (*see* NYSCEF document 14, ¶ 29). The close proximity of these two release dates makes it unreasonable to conclude that Scheneider "intended to and actually reached a new audience" for his work via the second format, since it is more likely that he (and his publisher) intended instead to maximize the initial sales of that work by capitalizing on its availability in different formats. Second, although the amended complaint alleges that Schneider's book was "modified in form," it does not allege that the book was "modified in content" (*see* NYSCEF document 14, ¶ 29). Caselaw in this Department is skeptical of the argument that "a digital version of a book, which . . . [does] not . . . differ at all from the print version, should constitute a republication" (*Haefner v New York Media, L.L.C.*, 27 Misc 3d 1208(A), 2009 NY Slip Op 52765[U][Sup Ct, NY County 2009], affd 82 AD3d 481 [1st Dept 2011]; *see also Martin v Daily News L.P.*, 121 AD3d at 103). OSG's amended complaint plainly states that the audio CD version of Schneider's book reproduced the print version "in its entirety," and does *not* assert that it was modified in any way. Taken together, these pleading deficiencies compel the court to conclude that OSG has failed to sufficiently allege that a "republication" of Schneider's book was made. As a result, the court concludes that OSG has failed to establish grounds to invoke the exception to the "single publication rule," and that the portion of its defamation claim against

**155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE**
**Motion No. 002**

Page 7 of 18

7 of 18

Schneider which is based on his publication of Manhattan Cult Story is time-barred by the governing one-year statute of limitations. Accordingly, the court grants so much of Schneider's motion as seeks the dismissal of that portion of OSG's defamation claim pursuant to CPLR 3211(a)(5).

The next branch of Schneider's motion seeks dismissal of the portion of OSG's cause of action that alleges defamation in connection with his post-book release promotional activities. Schneider specifically requests dismissal pursuant to CPLR 3211(g) on the ground that OSG's claim constitutes a SLAPP suit (*see* NYSCEF document 36 at 12-17). Such claims are governed by Civil Rights Law § 76-a, which provides as follows:

> 1. For purposes of this section:
>
> (a) An 'action involving public petition and participation' is a claim based upon:
>
> (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or
> (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition.
>
> (b) 'Claim' includes any lawsuit, cause of action, cross-claim, counterclaim, or other judicial pleading or filing requesting relief.
>
> (c) 'Communication' shall mean any statement, claim, allegation in a proceeding, decision, protest, writing, argument, contention or other expression.
>
> (d) 'Public interest' shall be construed broadly, and shall mean any subject other than a purely private matter.
>
> 2. In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of

155983/2023 OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 8 of 18

8 of 18

> whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.
>
> 3. Nothing in this section shall be construed to limit any constitutional, statutory or common law protections of defendants to actions involving public petition and participation

(Civil Rights Law § 76-a). The First Department recently reviewed the procedural rules governing SLAPP suits in *Reeves v Associated Newspapers, Ltd.*, wherein it held as follows:

> A SLAPP suit, typically sounding in defamation, is brought to intimidate or silence a person who has spoken out about a matter of public interest. The anti-SLAPP law (*see* Civil Rights Law §§ 70–a, 76–a; CPLR 3211 [g]-[h]) is designed to deter 'strategic lawsuits against public participation' and thereby protect the free exercise of speech, petition and association (L 1992, ch 767, § 1).
>
> To this end, the anti-SLAPP law creates an accelerated summary dismissal procedure, which applies when a defendant in a SLAPP suit moves pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Upon such a motion, the defendant bears the initial burden of showing that the action or claim is a SLAPP suit (*see* CPLR 3211 [g] [1]). Once the defendant makes that showing, the burden shifts to the plaintiff to demonstrate that the claim has a 'substantial basis in law' (*id*.). If the claim is dismissed, the defendant recovers a mandatory award of attorneys' fees...
>
> We hold, based on our reading of CPLR 3211 (g) and (h), that 'substantial basis' under the anti-SLAPP law means 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact', a phrase drawn from the relevant legislative history. We further find that, because the complaint in this case fails to survive ordinary CPLR 3211 (a) (7) analysis, plaintiffs have failed to meet the higher burden under CPLR 3211 (g) of showing that their SLAPP suit has a substantial basis in law

(232 AD3d 10, 12 [1st Dept 2024](internal citations omitted)).

The relevant paragraphs of the amended complaint recite that, after the publication of "Manhattan Cult Story", Schneider repeated the "maliciously false and defamatory statement that OSG is a cult" on the following occasions including: 1) posting promotional excerpts from his book on his website (www.spencer-schneider.com) on an unspecified date; 2) embedding a

155983/2023 OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 9 of 18

9 of 18

promotional video of himself speaking video about the book on his website on an unspecified date; 3) including a promotional description of the book on the www.amazon.com page on which it was being offered for sale on an unspecified date; 4) making live appearances at promotional book launch events and/or free book readings at, *inter alia*, (i) both Sag Harbor Bookstore and BookHampton Bookstore in Suffolk County on July 7, 2022; (ii) The North Bar in New York County on July 13, 2022; (iii) the Amagansett Public Library in Suffolk County on August 3, 2022; (iv) the East Hampton Library in Suffolk County on August 12, 2022; and (v) the Shelter Island Public Library in Suffolk County at an unspecified date in November 2022 (of which a video was published on YouTube on November 22, 2022); 5) "intending and facilitating" the New York Post to publish an article dated July 9, 2022 that repeated his allegedly defamatory statement in quotes from the book; 6) appearing on Dan's Papers' "Who's Here in the Hamptons" podcast on July 12, 2022 to discuss and promote the book; 7) appearing on the Growth Now Movement podcast on July 12, 2022 to discuss and promote the book; 8) by "intention and design" causing the New York Post to publish a second article dated July 23, 2022 that repeated his allegedly defamatory statement in quotes from the book; 9) "giving" the allegedly defamatory statement in an article in The Mirror published on July 26, 2022 in quotes from the book; 10) appearing on an episode of Milling About with Robin Milling on July 26, 2022 on an unspecified channel to discuss and promote the book during which he repeated the allegedly defamatory statement; 11) appearing on an episode of MetroFocus on PBS on August 2, 2022 to discuss and promote the book during which he repeated the allegedly defamatory statement; 12) "intending and facilitating" The East Hampton Star to publish a review of the book on August 11, 2022 which repeated his allegedly defamatory statement in quotes from the book; 13) "intending and facilitating" the Daily Mail to publish an article dated February 27, 2023 which was not about the book but which contained the

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 10 of 18

10 of 18

allegedly defamatory statement in quotes from the book along with additional allegedly defamatory statements about OSG's late leader Sharon Gans Horn; 14) "writing and publishing or causing to be published" an article in Newsweek dated October 19, 2022 that repeated the allegedly defamatory statement and also contained new allegedly defamatory statements about OSG and Sharon Gans Horn; 15) filing a lawsuit in the US District Court for the Eastern District of New York on December 16, 2022 (*Schneider v OSG, LLC*, Case No 22-CV-7686 [FB] [VMS]) which "is based solely on knowing, malicious, material falsehoods"; 16) repeating the original allegedly defamatory statement, making new allegedly defamatory statements, posting quotes from the book and/or posting links to articles about the book and videos of his appearances promoting the book in posts to the blog on his website dated July 10, 2022, July 23, 2022, July 24, 2022, July 30, 2022, August 5, 2022, August 22, 2022, August 28, 2022, September 15, 2022, December 12, 2022, January 11, 2023 and January 14, 2023; and 17) contacting a representative of the unnamed entity that OSG allegedly rents meeting space from and repeating the allegedly defamatory statement to that representative "[i]n a malicious attempt to get OSG thrown out of its meeting space" (*see* NYSCEF document 14, ¶¶ 32-67).

Schneider first argues that the amended complaint describes "an action involving public petition and participation" within the statutory definition because "it cannot seriously be disputed that a memoir chronicling [his] experience with [OSG], or a blog with respect to same, or statements made to promote the memoir in public libraries and bookstores, on podcasts, radio, and television, constitute both a 'communication in a place open to the public or a public forum in connection with an issue of public interest' and 'lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest'" (*see* NYSCEF document 36 at 13-17). OSG's opposition papers do not deny that its claim is "[a cause of ] action

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 11 of 18

11 of 18

involving public petition and participation," but instead assert that a number of Schneider's post-publication statements are "actionable" (*id.* NYSCEF document 39, at 2-18). Schneider's reply papers consequently assert that OSG "does not dispute that the amended complaint constitutes a SLAPP suit . . . as it is undisputed that this matter is entirely based upon Mr. Schneider's public petition and participation" (*id.*, NYSCEF document 54 at 3-4). The court finds that OSG's failure to raise any argument about the applicability of Civil Rights Law § 76-a (1) (a) constitutes a concession that that statute does indeed govern its claim. Accordingly, the court finds that OSG's amended complaint asserts an 'action involving public petition and participation' within the ambit of Civil Rights Law § 76-a. Thus, pursuant to the First Department case law discussed above, OSG now bears the burden of demonstrating that its defamation claim has a "substantial basis in law" in order to defeat Schneider's motion (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d at 12).

As noted in that caselaw, CPLR 3211(g) defines the term "substantial basis in law" as meaning "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d at 12). The First Department clearly held that to determine whether a complaint has adequately pled a "substantial basis" under CPLR 3211(g) involves a "higher burden" of review than is entailed in "ordinary CPLR 3211(a)(7) analysis" (*id.*). This means that the pleadings must satisfy a reviewing court that the claim will meet the "substantial evidence" standard mandated by CPLR 3211(g)(1). The First Department has held that "[p]rocedurally, the 'substantial evidence' standard has been equated with the ordinary summary judgment standard, in that each seeks to determine whether there are triable issues of material fact," and that "[i]n this context, the CPLR 3211(g) motion is analogous to an accelerated summary judgment motion, albeit within the context of an anti-SLAPP action,"

155983/2023 OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 12 of 18

12 of 18

wherein the statute "contemplates an adjudication based upon the submission of affidavits (*see* CPLR 3211 [g] [2]), with special provision for discovery upon an application by the party opposing the . . . motion" so afford that party an opportunity "to . . . summon 'facts essential to justify its opposition' to an anti-SLAPP action . . . and thereby show a substantial basis for [its] claims" (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d at 23-24(citations omitted)). The First Department has also observed that only a "meticulously detailed complaint" will meet the heightened pleading requirements of CPLR 3211(g) (*Smartmatic USA Corp. v Fox Corp.*, 213 AD3d 512, 512 [1st Dept 2023]).

OSG's sole cause of action alleges defamation per se, which - in order to survive normal review under CPLR 3211 (a) (7) - "must allege a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se'" (*O'Neill v New York Univ.*, 97 AD3d 199, 212 [1st Dept 2012], quoting *Salvatore v Kumar*, 45 AD3d 560, 563 [2d Dept 2007]; *see also Laguerre v Maurice*, 192 AD3d 44, 50 [2d Dept 2020]). "A statement is defamatory per se if it (1) charges the plaintiff with a serious crime; (2) tends to injure the plaintiff in her or his trade, business, or profession; (3) imputes that the plaintiff has a loathsome disease; or (4) imputes unchastity to a woman" (*Laguerre v Maurice*, 192 AD3d at 50, citing *Liberman v Gelstein*, 80 NY2d 429, 435 [1992]; *see also Frechtman v Gutterman*, 115 AD3d 102, 104 [1st Dept 2014] ("A statement is defamatory on its face when it suggests improper performance of one's professional duties or unprofessional conduct")). Here, the parties mainly raise arguments as to the fourth element of a defamation claim; i.e., whether the challenged statements were defamatory per se[3]

---

[3] Schneider did additionally argue that OSG's claim should be dismissed as a matter of law because the amended complaint failed to plead special damages. *See* NYSCEF document 54 at 4. However, the court rejects that argument because First Department precedent clearly holds that the proponent of a defamation per se claim does not need to

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 13 of 18

13 of 18

(*see* NYSCEF documents 39 at 9-19; 54 at 4-10). Of the four classes of statements that the law defines as potentially defamatory per se, only the first and second are relevant to OSG's claim.[4] Although OSG argues that it has sufficiently pled that Schneider's post-publication statements fall into one or both of those categories, in the court's view OSG's pleadings fall short of the strict standard imposed by CPLR 3211(g) and Civil Rights Law § 76-a.

With respect to the "charging the plaintiff with a serious crime" category of statements, OSG asserts that, after his book was published, Schneider publicly stated on numerous occasions that "OSG is a cult that engages in criminal trafficking and forced labor," and argues that because these are "felonies" Schneider's statements are defamatory per se (*see* NYSCEF documents 39 at 9-19). However, OSG's amended complaint does not identify either (a) any specific crimes by Penal Law provision or (b) any specific statements by Schneider that purported to provide details of how or when OSG allegedly violated them. Instead, the amended complaint sets forth "vague and conclusory allegations" about such alleged violations of the sort that the First Department has repeatedly held will not satisfy the pleading requirements of CPLR 3211 (a) (7) – let alone the heightened requirements of CPLR 3211(g) (*see e.g.*, *Matter of GSB Gold Std. Corp. AG v Google LLC*, 227 AD3d 613, 615 [1st Dept 2024]; *161 Ludlow Food, LLC v L.E.S. Dwellers, Inc.*, 176 AD3d 434, 434-435 [1st Dept 2019]; *O'Neill v New York Univ.*, 97 AD3d 199, 213 [1st Dept 2012]; *Dillon v City of New York*, 261 AD2d 34, 39-40 [1st Dept 1999]). Therefore, the court concludes that OSG has failed to demonstrate that Schneider's post-publication statements constitute defamation per se because they constitute allegations that it committed "serious crimes."

---

plead that s/he sustained special damages. *See e.g.*, *Smartmatic USA Corp. v Fox Corp.*, 213 AD3d at 513; *Nolan v State of New York*, 158 AD3d 186, 188 [1st Dept 2018]).

[4] A thorough review of the record failed to disclose any instance in which Schneider alleged that OSG had a loathsome disease and/or was an unchaste woman.

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 14 of 18

14 of 18

With respect to the "tending to injure the plaintiff in its trade, business, or profession" category of statements, OSG simply asserts that Schneider's post-publication statements "tend to impugn OSG's reputation and standing as a legitimate spiritual organization" without further explanation (*see* NYSCEF documents 39 at 9-19). The amended complaint likewise does not explain how Schneider's statements allegedly impugned OSG's reputation or identify any specific harm that OSG purportedly suffered as a result of those statements. As discussed in the preceding paragraph, conclusory allegations in a complaint are not sufficient to survive review under CPLR 3211(g). OSG's amended complaint is only "meticulously detailed" in its recitation of the numerous dates on which Schneider made public statements to promote his book that it found objectionable. However, it is devoid of explanation regarding the effect those statements had or what resulting harm they allegedly caused to OSG. Therefore, the court concludes that OSG has failed to demonstrate that Schneider's post-publication statements constitute defamation per se because they "tend to injure it in its trade, business, or profession."[5]

Finally, concerning the additional discovery provision of CPLR 3211(g)(2), the court notes that the attorney's affirmation accompanying OSG's motion to supplement the record (motion sequence number 003) asserted that "recent investigation by [OSG] has revealed evidence of specific, concrete injuries . . . resulting from [Schneider]'s defamatory statements" and requests leave to submit an affidavit from OSG "member" Gregory Koch who avers that "members [have] left OSG based on Mr. Schneider's published defamatory statements . . . [and] OSG remains at imminent risk of similar injury to its existing membership, as well as harm to its efforts to recruit

---

[5] The court does not consider OSG's argument that "Schneider's alleged defamatory statements about Sharon Gans Horn are actionable" because Mrs. Gans Horn is deceased and her estate is not named as a plaintiff in this action. The court likewise does not consider OSG's argument that the portion of its claim that is "based on Schneider's press activities promoting his sham federal complaint has a substantial basis in law" because New York law does not recognize a "sham exception" to the absolute litigation privilege (*see Gottwald v Sebert*, 40 NY3d 240, 253-254 [2023]). OSG's final argument that Schneider made his statements with "actual malice" is irrelevant to the question of whether those statements were defamatory per se.

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 15 of 18

15 of 18

new members" (*see* NYSCEF documents 61, 63). The court finds that these are also clearly conclusory assertions that do not rise to the heightened pleading standard required by CPLR 3211(g). The court further finds that, in opting to request leave pursuant to CPLR 2214(c) to supplement the record with newly discovered evidence, OSG manifested the intent not to request further discovery pursuant to CPLR 3211 (g)(2) as it easily could have chosen to do in this context. (*see e.g.*, *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 138-139 [1992]). Therefore, the court concludes that OSG was not deprived of the opportunity to seek the additional discovery that is memorialized in CPLR 3211(g)(2).

As a result of the foregoing, the court finds that OSG has failed to meet its burden of demonstrating that the portion of its defamation per se claim that is based on Schneider's post-publication public statements and promotional activity has a "substantial basis in law" (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d at 12). Accordingly, the court grants so much of Schneider's motion as seeks dismissal of that portion of OSG's defamation claim pursuant to CPLR 3211(g) and Civil Rights Law § 76-a. Consequently, the amended complaint is dismissed in full.

The final branch of Schneider's motion asserts that he "is entitled to recover his costs and attorney's fees incurred in this action" (*see* NYSCEF document 54 at 14). A plaintiff's failure to meet its burden under CPLR 3211(g) entitles a defendant to an award of attorney's fees pursuant to the amended version of Civil Rights Law § 70–a (1)(a) (*Reeves v Associated Newspapers, Ltd.*, 232 AD3d at 25, citing *Golan v Daily News, L.P.*, 214 AD3d 558, 559 [1st Dept 2023]). The effective date of those amendments was November 10, 2020 (*see e.g.*, *Gottwald v Sebert*, 40 NY3d 240, 258-259 [2023]; *Kurland & Assoc., P.C. v Glassdoor, Inc.*, 205 AD3d 545 [1st Dept 2023]). Because OSG commenced this action after that effective date on July 5, 2023 (and also failed to

155983/2023  OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No.  002

Page 16 of 18

16 of 18

meet its burden under CPLR 3211[g]) Schneider is entitled by Civil Rights Law § 70–a (1) (a) to an award of attorney's fees in this action, as well as an award of court costs as the prevailing party herein under CPLR 8101. Accordingly, the court grants so much of Schneider's motion as seeks an award of attorney's fees and costs and directs that the issue of computing the amount of such award shall be transferred to a Special Referee to hear and determine.

As a result of the foregoing determinations, the court need not consider OSG's motion for leave to supplement the record (motion sequence number 003), which it denies as moot.

## DECISION

ACCORDINGLY, for the foregoing reasons, it is hereby

ORDERED that the motion pursuant to CPLR 3211 of the defendant Spencer Lee Schneider (motion sequence number 002) is granted, and the amended complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the motion pursuant to CPLR 2214(c) of plaintiff OSG, LLC (motion sequence number 003) is denied as moot; and it is further

ORDERED that the issue of the computation of the attorney's fees and costs that are due in this action from plaintiff to defendant pursuant to Civil Rights Law § 70-a (1)(a) is referred to a Special Referee to hear and determine; and it is further

ORDERED that a copy of this order with notice of entry shall be served on the Clerk of the Judicial Support Office (Room 311) to arrange a date for the reference to a Special Referee; and it is further

155983/2023   OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 17 of 18

17 of 18

ORDERED that defendant shall serve a copy of this order with notice of entry on plaintiff within 20 days of its upload onto NYSCEF.

This constitutes the decision and order of the Court.

| **7/10/2025** | | | | *[signature]* |
|---|---|---|---|---|
| **DATE** | | | | **RICHARD G. LATIN, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155983/2023 OSG, LLC vs. SCHNEIDER, SPENCER LEE
Motion No. 002

Page 18 of 18

18 of 18