

Larry H. Krantz
Marjorie E. Berman
Hugh D. Sandler
Jerrold L. Steigman

Ainsley C. Dowling

Lisa A. Cahill
Rebecca S. Campbell
*Of Counsel*

Writer's E-mail

hsandler@krantzberman.com

December 19, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
U.S.D.C. Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

              **Re:** *Schneider v. OSG, LLC et al.*, 22-cv-7686-DG-VMS (E.D.N.Y.)

Dear Judge Scanlon,

      We represent Plaintiff Spencer Schneider ("Mr. Schneider"). We respectfully submit this letter in opposition to Defendants' motion to compel Mr. Schneider to sit for five more hours of deposition time over and above the fourteen hours he has already been deposed.

      Defendants make two arguments: First, the high stakes of a trafficking case, purported harassment and disparagement in the last ten years, and the number of topics Defendants wish to cover merit granting more than the fourteen hours; and, second, Mr. Schneider supposedly wasted time during the first fourteen hours of his deposition.

      These arguments should be rejected. The case law and rationale for enlarging depositions typically concerns adding time on top of seven or so hours, not the *fourteen hours* taken here. Further, not only did Mr. Schneider not impede his deposition, but he took steps to streamline it. He served, on an expedited basis, written discovery responses and a shortened witness list to assist Defendants' counsel narrow the scope of inquiry. Finally, Defendants' counsel's highly inefficient questioning of Mr. Schneider further favors denying this motion.

      In addition, Defendants do not in this motion nor have they ever sought additional time to depose Mr. Schneider for matters that pre-date December 19, 2003. Defendants avoid this testimony even though this Court clarified that "Plaintiff himself should be well able to 'present a complete narrative' by testifying about the alleged events that led to his involvement in OSG," all of which pre-dates 2003. This Court further found that "Plaintiff may also obtain discovery, if it exists, of how, during the subject period, Defendants used the allegedly coercive methods of control that were seeded during the 1990s." (ECF No. 126 at 4).

**Defendants' Effort to Impugn Plaintiff's Conduct at Deposition Should Be Rejected**

      Defendants try to burnish their demand for nearly twenty total hours of deposition time by casting Plaintiff as an evasive witness who wasted deposition time. This portrayal is false. *First*, Mr. Schneider, in addition to consenting to an extra seven hours, helped narrow Defendants' areas of inquiry by quickly responding to Defendants' last-minute written discovery demands.

Defendants served RFAs on Plaintiff on October 6, 2025 and stated: "While Mr. Schneider of course has 30 days to respond under the Rules, a response prior to Mr. Schneider's continued deposition on October 15 will allow us to avoid wasting time at his deposition going through this information." (12/19/25 Declaration of Hugh D. Sandler (submitted herewith) ("Sandler Decl."), Ex. 1). On October 13, seven days after they were served, and two days before Mr. Schneider's second day of deposition, Plaintiff served his admissions and denials to all twenty-seven RFAs.

*Second*, this Court ordered Plaintiff to reduce the number of persons with knowledge in his initial disclosures to no more than fifty people by October 15. (9/15/25 Dkt. Entry). Defendants' counsel, however, did not seek to sequence Plaintiff's deposition to proceed *after* service of this witness list. In fact, even though Plaintiff's counsel offered Mr. Schneider's second day to be on a date after the witness list would be served, Defendants' counsel objected saying, on October 1, that he "would strongly prefer to continue [Mr Schneider's] deposition on Wednesday, Oct. 15 . . ." (ECF No. 131-3 at 21), *i.e. before* the witness list was due to be served. Defendants' counsel's October 1 correspondence reveals that the witness list was never germane to his deposition inquiry, even though he is *now* opportunistically trying to claim that lacking *just one witness* from that witness list "prejudice[s]" Defendants' ability to fairly examine Mr. Schneider. (ECF No. 131 at n.4). Given that in October, Defendants' counsel pressed Plaintiff's counsel to complete the entire deposition of Mr. Schneider *before* the witness list was due, his now contradictory argument belies his claim that he needs more deposition time. In any case, Mr. Schneider, in a good faith effort to streamline the deposition, served the witness list *early* (October 14) so that Defendants' counsel would have the narrowed list prior to the second day of deposition (October 15). And, though entitled to list up to fifty names on the list, Plaintiff listed only twenty-two non-party witnesses further streamlining the deposition.

*Third*, during the deposition, Mr. Schneider did not take protracted time to read any exhibits and he sought clarifications to questions to ensure complete and truthful testimony, and was careful in his word choice when answering (all of which is appropriate practice for deponents). Additionally, Mr. Schneider's counsel did not engage in needless colloquy with Defendants' counsel and limited his objections to form only, except where privilege was potentially implicated.

**Fourteen Hours of Deposition Time Is More than Adequate Here**

Though Defendants' counsel lists topics on which he would like to further inquire (ECF No. 131 at 3) that desire does not support more than fourteen hours of deposition. Even multi-defendant cases that require inquiry *from multiple defense counsel* into voluminous facts and incidents, still grant *fewer* than fourteen hours. In *Pierre v. City of New York*, No. 120CV05116ALCVF, 2022 WL 2384150, at *3 (S.D.N.Y. July 1, 2022), the court rejected defendants' request for eight additional hours, granting, instead, only four hours over and above the standard seven. That limited extra time was applied even where the court found that the three "Vendor Defendants [each needed] to introduce evidence showing that the factors relevant to a joint-employment relationship—*i.e.*, lack of control and supervision, inability to hire and fire, inability to determine Plaintiff's pay—were not present when Plaintiff worked a PDP shift for any of [those] Defendants." The court further found one counsel needed "to question Plaintiff about the precise details of his work during 27 PDP shifts at 9 stores, where the policies of each store and the staff were all different" and where "all of the Vendor Defendants are separate, independent

businesses, with no common procedures as it pertains to their use of NYPD officers through the PDP program" and where a fourth Defendant, "the City[,] need[ed] to question Plaintiff about his participation in the PDP program, which span[ned] over 10 years and 63 PDP shifts, as well as about his employment for the NYPD to defend the retaliation claim." The court further added that the deposition also required time for "all Defendants [] to question Plaintiff about his class allegations, to evaluate whether he can satisfy the standard for class certification." *See also Saeed v. Cnty. of Nassau*, No. 09-cv-3314DRHAKT, 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011) (rejecting defendants' request for seven additional hours "as excessive and not supported by the relevant case law" instead granting four hours over and above the eight and half hours that had been taken where the plaintiff needed to be examined on "approximately 40 discriminatory and/or retaliatory incidents" spanning nearly four years as well as his "emotional injury claim [that] had surfaced as a result of [his] prior depositions"); *Black Love Resists in the Rust v. City of Buffalo, N.Y.*, No. 18-cv-00719, 2023 WL 11984925, at *1-2 (W.D.N.Y. June 29, 2023) (rejecting request for additional seven hours; granting only an additional three hours (with leave to renew) where the witness was alleged to play "a central role" in the alleged liability and "may have extensive knowledge about the allegedly unconstitutional practices at issue in this case" and where the "case is complex and includes a significant timeline, multiple events, and a large geographic area").[1]

Defendants also argue for more time because Schneider supposedly "harass[ed]" and "disparag[ed]" Defendants in the last ten years. (ECF No. 131 at 4). But Defendants omit that a court dismissed OSG's defamation suit against Mr. Schneider *in its entirety*, awarded Mr. Schneider his fees and costs under New York's anti-SLAPP law, and found, among other defects with OSG's amended complaint, that it "does not explain how Schneider's statements allegedly impugned OSG's reputation or identify any specific harm that OSG purportedly suffered as a result of those statements" and that "OSG's amended complaint . . . is devoid of explanation regarding the effect those statements had or what resulting harm they allegedly caused to OSG." *See* Sandler Decl., Ex. 2 at 15 (*OSG, LLC v. Schneider*, Index No. 155983/2023 (N.Y. Sup. Ct. July 10, 2025)).

**Plaintiff Was Not Evasive but Defendants' Counsel's Questioning Was Inefficient**

Defendants' argument that Mr. Schneider supposedly impeded the deposition is unconvincing. ECF No. 131 at 2.

---

[1] Other courts find similarly. Though Defendants state that the cases cited by the parties in the meet and confer process "actually support Defendants' position here" (ECF No. 131 at n.5) that is untrue. *None* of those cases (but for one) grants a litigant more than fourteen hours. (ECF No. 131-3 at 5-13). The only case granting more than fourteen hours (*Arista Recs. LLC v. Lime Grp. LLC*, No. 06-cv-5936(GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008)) is an outlier from the rest of the jurisprudence and inapposite here. In *Arista*, the witness Greg Bildson, was *both* a C-suite Officer of a corporate defendant *and* an individually named defendant. Mr. Bildson's deposition surely therefore covered both his personal deposition, as a named defendant, and relevant inquiry into the corporate defendant's liability. Indeed, the court found that Mr. Bildson's testimony may "shorten the time necessary for deposing [a different witness]" (*id*. at *2-3) implying his dual testimonial capacity. Here, Mr. Schneider is testifying in his own capacity about his experiences and his injuries. Mr. Schneider's situation is akin to the plaintiffs in *Pierre*, *Saeed*, and other multi-defendant complex cases where courts permitted *fewer* than fourteen hours.

. As to Defendants' string cite of instances of supposed time-wasting during the deposition, the Court may assess for itself whether those colloquies are so abnormal to merit additional time. Even accepting there were unproductive moments (as in all depositions), Defendants cite no authority that even evasive witnesses must sit for more than fourteen hours. *See* ECF No. 131 at 4 (the two cases Defendants cite permit only ten and eleven hours (respectively) where court found witness impeded the deposition); *see also Robinson v. De Niro*, No. 19-CV-9156 (KHP), 2022 WL 274677, at *3 (S.D.N.Y. Jan. 26, 2022) (allowing only twelve total hours where plaintiff was "incredibly evasive" and plaintiff's counsel wasted time with unnecessary form and speaking objections).

Further, Defendants' counsel's inefficient questioning also merits denying this motion. Defendants' counsel spent approximately *half of the first deposition day* – nearly 200 pages of the 398-page deposition – ▮▮▮.

Because "factors relevant to the determination of good cause [to allow more deposition time] would ordinarily include whether the time previously afforded for the deposition was used efficiently," (*Margel v. E.G.L. Gem Lab Ltd.*, No. 04 CIV. 1514 PAC HBP, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008)), Defendants' inefficient questioning also supports denial here.

Respectfully submitted,

Hugh Sandler
KRANTZ & BERMAN LLP
747 Third Avenue, 32nd Floor
New York, NY 10017
hsandler@krantzberman.com

Elizabeth Geddes
CORVA LAW LLP
110 West 40th St., Ste. 1003
New York, New York 10018
liz@corvalaw.com

*Attorneys for Plaintiff*